HENDRICK *against* SEELEY :

IN ERROR.

In *assumpsit* upon special contract, the whole consideration must be explicitly and correctly stated ; otherwise, the variance, on exception to the evidence, will be fatal.

But where the plaintiff in *assumpsit* on a special executory contract, containing mutual stipulations, stated, as the consideration of the stipulations on the part of the defendant, that " the plaintiff contracted with the defendant to do all the

*Fairfield,*
June,
1826.

Hendrick
*v.*
Seeley.

carpenter and joiner work to a certain dwelling-house, which the defendant was about to build, agreeable to certain plans and particulars agreed upon between them ; to have two rooms in the house finished fit for walling, in the fall of 1820; to complete the whole of the carpenter and joiner work, by the spring of 1821 ; to do the inside work like that of the dwelling-house of *J. M.* ; to finish the house with two fronts, and to cornice the *West* end;" on a motion in arrest, after verdict for the plaintiff, it was held, 1. that it did not appear, that any part of the consideration was omitted ; 2. that, at most, there was only a defective statement of the consideration, which was aided by the verdict.

This was an action of *assumpsit,* brought by *Seeley* against *Hendrick,* on a special executory contract, containing mutual stipulations.

The declaration stated, That on the 10th of *October,* 1819, in consideration of the several promises and undertakings of the defendant, as therein-after set forth, the plaintiff contracted with the defendant to do all the carpenter and joiner work to a certain dwelling-house, which the defendant was about to build, agreeable to certain plans and particulars agreed upon between them; to have two rooms in the house finished fit for walling, in the fall of 1820; to complete the whole of the carpenter and joiner work, by the spring of 1821 ; to do the inside work like that of the dwelling-house of *Jabez Mead;* to finish the house with two fronts, and to cornice the *West* end. The declaration then set forth the stipulations of the defendant, made in consideration of the engagements and undertakings of the plaintiff as aforesaid; and averred performance on the part of the plaintiff, and a failure of performance on the part of the defendant. After a trial before the superior court, at *Fairfield, December* term, 1824, on the general issue, the plaintiff obtained a verdict ; and the defendant moved in arrest of judgment, for the insufficiency of the declaration. The court adjudged the declaration sufficient, and rendered judgment on the verdict. The defendant thereupon brought the present writ of error.

*Sherman* and *C. Hawley,* for the plaintiff in error, contended, 1. That the *whole* consideration of the contract on which the plaintiff seeks a recovery, must be set forth. If the consideration consist of several things, none of them may be omitted. 1 *Chitt. Plead.* 294. *Clarke* v. *Gray* & al. 6 *East* 564. 568. *White* v. *Wilson,* 2 *Bos. & Pull.* 116. 119, 120. The Earl of *Kerry* v. *Baxter* & al. 4 *East* 340. *Rossiter* v. *Marsh,* 4 *Conn. Rep.* 196. 203. *Curley* v. *Dean,* 4 *Conn. Rep.* 259.

*Fairfield,*
*June,*
*1826.*

Hendrick
*v.*
Seeley.

2. That in this case some parts of the consideration, were either omitted, or referred to in such a manner as not to shew what they were. It appears, that the plaintiff contracted to do the carpenter and joiner work to a certain house, *agreeable to certain plans and particulars* agreed upon between them; but no description of these "plans and particulars" is given. If the cause of action, or ground of defence, were stated with uncertainty, the declaration or plea would clearly be bad. *Phelps v. Sill,* 1 *Day* 315. *Griffin* v. *Pratt & al.* 3 *Conn. Rep.* 513. Is not uncertainty in the consideration, equally fatal? See the authorities before cited.

3. This defect was not cured by verdict. The statement in the declaration gives the defendant *no notice whatever* of this part of the consideration. It is in effect a total omission. From what is stated the jury could not infer what is omitted. If the verdict will cure this defect, it will abrogate the rule requiring the whole consideration to be stated.

*N. Smith* and *Betts,* for the defendant in error, insisted, 1. That the plaintiff had stated, with sufficient certainty, the whole consideration of the defendant's undertaking; so that the declaration would be good upon demurrer. The only defect complained of, is, that the "plans and particulars," according to which the house was to be finished, are not specified. In the first place, the fact is otherwise; the "plans and particulars" are specified. The house was to be finished upon the *plan* of *Jabez Mead's ;* and the *particulars* were, that it was to have two fronts, and a cornice at the *West* end. Looking at the record only, the court cannot see, that there were any other plans and particulars. The court can know nothing of the consideration, except what the declaration discloses. How can it know, then, that the declaration has not disclosed the *whole* consideration ? Secondly, if there were plans and particulars agreed upon, which are not set forth specifically, still the statement made is sufficient. The plaintiff was not bound to shew a *model* of the house in his declaration. The reference to the house of *Jabez Mead* gave the defendant all the notice, that the nature of the case required, or admitted of. This was a matter as much within the defendant's knowledge as the plaintiff's.

2. That if the declaration would have been ill on demurrer, the defect is cured by verdict. A consideration is stated; and the defect complained of, is, that it is stated *imperfectly.* Had

ňo consideration, or an illegal one, been stated, the defect would have been incurable; but it is the appropriate and unquestionable office of a verdict to aid a *defective statement.* 1 *Chitt. Plead.* 297. 404. 1 *Swift's Dig.* 776, 7. *Ward* v. *Harris,* 2 *Bos. & Pull.* 265.

PETERS, J. In declaring on a simple contract, it is necessary to state the whole consideration expressly and formally, correspondent with the facts in the case, and coextensive with the contract; for a variance between the contract alleged and the contract proved, is fatal on trial. 1 *Swift's Dig.* 686. 1 *Chitt. Plead.* 294.

It does not appear that any part of the consideration is omitted; and for aught that does appear, all the "plans and particulars agreed upon," are detailed; and it would not be necessary to make a *fac simile* of the intended house, or its prototype. The object of specification is to enable the party to defend himself. But general words are sufficient, when the certainty lies within the defendant's knowledge. *Com. Dig. tit.* Pleading. C. 26. *Barton* & al. v. *Webb,* 8 *Term Rep.* 459. *Gall* & al. v. *Reed,* 8 *East* 80.

The question now before us, is not whether this objection would have prevailed, if the defendant had demurred to the declaration; but whether it is good after verdict. It seems to be well settled, that every fact necessary to be proved at the trial, in order to obtain a verdict, must now be taken to have been proved. *Macmurdo & al. v Smith & al.* 7 *Term Rep.* 518. Thus in *Ward* v. *Harris,* 2 *Bos. & Pull,* 265. where the declaration stated, that the plaintiff had sold to the defendant a certain horse, at and for a certain quantity of oil, to be delivered within a certain time, which had elapsed, the defendant promised to deliver said oil accordingly, the declaration was holden to be good after verdict. The same doctrine is recognized by our best elementary writers. "Where," says *Chitty,* "no consideration, or an insufficient or illegal consideration, is stated, the defendant may either demur, or move in arrest of judgment, or support a writ of error; but after verdict, a defective, informal or uncertain statement of a consideration not apparently illegal, may be aided; and where the consideration is untruly stated, or a part thereof is omitted, the objection can only be taken on the trial as a ground of non-suit." 1 *Chitt. Plead.* 297. And again: "After verdict, if the issue joined be such as neces-

sarily to require, on the trial, proof of the facts defectively or imperfectly stated, or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured, by the verdict, at common law. In short, the court will infer almost any thing after verdict." 1 *Chitt. Plead.* 404. In 1 *Swift's Dig.* 776, 7. the same doctrine is recognized.

I am of opinion, that there is nothing erroneous in the judgment complained of.

The other Judges were of the same opinion, except BRAIN-ARD, J. who was absent.

Judgment affirmed.