THE GOSHEN AND SHARON TURNPIKE COMPANY *against* SEARS :

IN ERROR.

Though the charter of incorporation of a turnpike company is a private act, which the court will not *ex officio* take notice of, but such parts as may be material must be stated with certainty to a common intent at least ; yet it is enough if it be counted upon, and the substance stated.

And where the law presumes, that the knowledge of the facts is in the opposite party, less certainty is required, because the principal object of pleading, is, to state facts, of which the opposite party is supposed not to have knowledge.

A turnpike company, by accepting the charter of incorporation, making the road, and receiving toll of passengers, becomes bound to keep the road in repair.

He who is chargeable with the first wrongful act or neglect, which occasions, through a connected series of causes and effects, an injury to another without his fault, is responsible for that injury, provided there is no intermediate responsible cause.

Therefore, where the plaintiff brought an action on the statute relating to roads and bridges, against a turnpike company, alleging, that the defendants in *May* 1803, were incorporated, by the General Assembly, with power to sue and be sued, to plead and be impleaded in all courts of record, to ordain

and establish such by-laws, ordinances and regulations as should be neces- *Litchfield*, sary for the purpose of carrying into effect the objects of the corporation, June, 1828. *viz.* the construction of a public road from *T.* to ., with power also to erect gates and take toll on said road ; that the defendants, soon afterwards, made said road, erected toll-gates thereon and received toll of passengers, and said road had ever since belonged to the defendants ; that on the 1st of *October* 1825, while the plaintiff was travelling on said road, which it then was, and still is, the duty of the defendants to repair, there were, through the neglect of the defendants, large gullies across said road, and as the plaintiff was descending a hill in a sulkey, in company with one *P.*, who was driving a horse in a wagon behind the plaintiff the harness of *P.*'s horse was broken, by said gullies, and t e horse, by reason thereof, became unmanageable, and ran upon the plaintiff's vehicle, and overturned it, though the plaintiff used all possible means to avoid said horse and wagon, in consequence of which the plaintiff was greatly injured ; after a verdict for the plaintiff, it was held, 1. that the obligation of the defendants to keep the road in repair, was sufficiently stated in the declaration ; and 2. that the defendants were responsible for the plaintiff's injury.

The Goshen
and Sharon
Turnpike Co.
*v.*
Sears.

THIS was an action, brought by *Sears,* against *The Goshen and Sharon Turnpike Company,* on the statute relating to highways and bridges, to recover damages for an injury sustained by him, through the defects and insufficiency of the defendants' road.

The cause was tried, on the general issue, at *Litchfield, February* term, 1828, before *Peters,* J. The plaintiff obtained a verdict for 166 dollars damages. The defendants then moved in arrest of judgment, for the insufficiency of the declaration. This motion was overruled, and the declaration adjudged sufficient. On motion of the defendants, the record was transmitted to this Court for revision in error.

The declaration, from which the questions agitated arose, was as follows: That at the General Assembly of this state, holden at the city of *Hartford,* on the second *Thursday* of *May,* 1803, the defendants were duly incorporated into a company, by the name of *The Goshen and Sharon Turnpike Company ;* by which name to be known, to sue and be sued, to plead and be impleaded in all courts of record, to ordain and establish such by-laws, ordinances and regulations as may be necessary for the purpose of carrying into effect the objects of said corporation, to wit, the construction of a public road from the *Torrington* turnpike road in *Torrington* through the towns of *Goshen, Cornwall* and *Sharon* so as to intersect the *Dutchess* county turnpike road, at the dividing line between this state and the state of *New-York,* with power to erect gates and take toll thereon : That the defendants, on the 1st of *January,* 1805,

*Litchfield,*
June, 1828.

The Goshen
and Sharon
Turnpike Co.
*v.*
Sears.

were formed into a company, for the purpose of building said road ; and on or before the 1st of *January*, 1807, the said road had been completed, and toll-gates were erected thereon ; and said road has ever since belonged, and now belongs to the defendants, and they have taken toll from the travellers thereon : That on the 1st of *October*, 1825, the plaintiff was travelling on said turnpike road, and while he was descending a certain hill on said road, between the house of *Lewis Lockwood* and the house of *David L. Perry*, in the town of *Sharon*, he sustained great injury through the defect and insufficiency of said road belonging to the defendants as aforesaid, and which it was, on said day, and still is, their duty to repair ; because across said road, at said place in said hill, there were, on the day last aforesaid, large gullies and ditches, and large heaps of earth lying upon and across said road, which were extremely dangerous and difficult to pass, through the neglect and inattention of the defendants to keep said road in repair : That while the plaintiff was descending the said hill as aforesaid, on the day last aforesaid, in his carriage, commonly called a sulkey, in company with one *Alpine Pierce*, who was driving a horse in a wagon behind the plaintiff's said carriage, on said hill, the said *Pierce's* horse became ungovernable, by reason of the breaking of the harness, by which he was attached to said wagon, though said harness was of good and sufficient materials, and was every way good and substantial, but was broken, by means of said gullies and said heaps of earth upon and across said road, and by said horse and wagon passing over and across the same ; and the plaintiff's said carriage was run upon, by said horse and wagon of said *Pierce*, although the plaintiff used all possible means to avoid said horse and wagon, by means whereof the said carriage of the *plaintiff* was overturned, and broken in divers places, and the plaintiff was much bruised and wounded in his leg, thigh, hip, shoulders, head and divers other parts of his body, and was greatly injured in his health and business, and put to great expense.

*A. Sterling* and *S. Church*, for the plaintiffs in error, contended, That the declaration was insufficient, on the following grounds. 1. That neither the statute upon which this action is founded, nor any other public statute, imposes any obligation upon the original defendants to keep this road in repair, nor to maintain it. By the 1st section of the statute referred to, the

inhabitants of the several towns are onerated with the burden *Litchfield,* June, 1828.
of making and keeping in repair all the necessary roads and
bridges within the limits of their respective towns, unless it The Goshen and Sharon
may belong to some particular person, persons or corporation Turnpike Co.
to maintain them.     *Stat.* 266.     The law was substantially the
same, when the defendants' charter was granted.     *Stat.* 120.
ed. 1808.     The defendants are not liable under the 4th section
of the revised statute, because this provision was incorporated
into the statute since the granting of the defendants' charter ;
and it is not to be so construed as to give it a retroactive effect.
*Goshen* v. *Stonington,* 4 *Conn. Rep.* 210. 222.

2. That it does not appear from the declaration, that the
charter of the defendants imposed on them the burden of
keeping this road in repair, or that it " belonged " to them in
any way to do it.     The charter being a private act, the court
can take notice of it no further than as it is disclosed in the
pleadings. 1 *Chitt. Plead.* 220.     *The Middletown Bank* v. *Russ*
& al. 3 *Conn. Rep.* 135. 139.     The averment that it was the
duty of the plaintiffs to repair this road, is a mere inference of
law ; (1 *Chitt. Plead.* 218.) nor is there any fact averred, which
shews that this legal inference is just.     It does not result from
the fact that the road was built by the defendants, and belongs
to them.     The defendants being a corporation—an artificial
person—their rights and duties are precisely what their charter
has conferred and imposed, and nothing else.     *The New-York*
*Firemen Insurance Company* v. *Ely* & al. 5 *Conn. Rep.* 560.
568.

3 That if the obligation of the defendants to repair, be con-
ceded, still they are not liable in this action, because the neglect
of the defendants was not the *proximate cause* of the plaintiff's
injury.     1 *Swift's Dig.* 553, 4.     *Flower* v. *Adam,* 2 *Taun.*
314.     *Scott* v. *Shepherd,* 3 *Wils.* 403.     2 *Stark. Ev.* 873     3
*Stark. Ev.* 985, 6     *Ashley* v. *Harrison,* 1 *Esp. Rep.* 48.     *Tay-*
*lor* v. *Neri,* 1 *Esp. Rep.* 386.     *Paine* v. *Partrick, Carth.* 194.
In this case, the neglect to repair the road is as remote from
the injury sustained by the plaintiff, as was the cause from the
effect in any of the cases cited.     In the first place, the harness
of *Pierce's* horse breaks ; then the horse takes fright and be-
comes unmanageable ; in consequence of which, he runs upon
the plaintiff's sulkey ; in consequence of which, the sulkey is
overturned ; in consequence of which, the sulkey is broken
and the plaintiff is bruised !

*Litchfield,*
June, 1828.

The Goshen
and Sharon
Turnpike Co.
*v.*
Sears.

4. That the defendants are not liable, because the injury was entirely *accidental*, being not only undesigned, but having no necessary or natural connexion witn the events that prece ded it.    *Aston* v. *Heaven* & al. 2 *Esp. Rep.* 533.    *Christie* v *Griggs*, 2 *Campb.* 79.    1 *Swift's Dig.* 553.

*J. W. Huntington* and *Sedgwick*, for the defendant in error, contended, 1. That it appeared from the declaration, that the defendants below were bound to keep this road in repair.

First, it is averred in the declaration, that the road *belongs* to the defendants ; and by common law, the owners of a road are bound to keep it in repair.    *Wood's Inst.* 100.    *Martyn* v. *Delboe*, 1 *Vent.* 90. n.    *Austin's* case, 1 *Vent.* 183    3 *Bla. Comm.* 357.    *Rex* v. *Great Broughton*, 5 *Burr.* 2700.    *Rex* v. *Weston*, 4 *Burr.* 2507.

Secondly, the declaration avers, that the defendants erected gates and took toll of travellers ; and the taking of toll obliges the defendants to keep the road in repair.    *Riddle* v. *The Proprietors of Locks and Canals on Merrimack River*, 7 *Mass. Rep.* 169.    *The Commonwealth* v. *The Worcester Turnpike Corporation*, 3 *Pick.* 326. 329.

Thirdly, the public statute law of the state imposes upon turnpike companies the obligation to keep their roads in repair; and they accept their charter upon the condition of assuming this obligation.    *Stat.* 266. *tit.* 48. *s.* 1. 4. 5.    *Stat.* 119 *tit.* 29. *s.* 1. ed. 1808.    See also *Stat.* 471. *tit.* 105. *s.* 2.

Fourthly, it is averred in the declaration, that the defendants were bound to keep the road in repair ; and after verdict this will be presumed to have been proved, by competent testimony.    *Macmurdo* & al. v. *Smith* & al. 7 *Term Rep* 518.    *Yarborough* & al. v. *The Bank of England*, 16 *East*, 6.    *Hendrick* v. *Seeley*, 6 *Conn. Rep.* 177.    *Ferry* & al. v. *Williams*, 8 *Taun.* 62.

2. That this action is sustainable, upon the great principle of law, that for every injury the law has provided a remedy against the party causing it ; (3 *Bla. Comm.* 23.    1 *Swift's Dig.* 474.) and by virtue of the positive provisions of the statute.    *Stat.* 266. 7. *tit.* 48. *s.* 5.    That the defendants' road was out of repair ; that this caused the carriage of *Pierce* to be driven upon the plaintiff, by which he sustained an injury,— are facts now to be taken as proved ; for the declaration avers them, and the verdict has found them.    Now, against whom is

his remedy? Obviously, against *Pierce*, or the defendants. But it cannot be against *Pierce*, because the jury have found, that he was in no fault: He was controuled, by causes The Goshen which he could not resist, arising out of the neglect of the de- and Sharon Turnpike Co. fendants If *Pierce* is not liable, the defendants must be, or v. there will be a failure of justice. *Scott* v. *Shepherd,* 1 *Wils.* Sears. 411. *Gibbons* v. *Pepper,* 1 *Ld. Raym.* 38. *Jones* v. *Boyce,* 1 *Stark. Rep.* 493. It makes no difference how long the chain of cause and effect may be, or how numerous are its links, if they are properly connected. The law seizes hold of the first responsible cause,—the first misfeasance or culpable nonfeasance,—and makes it the foundation of the right of action. 2 *Bla. Rep.* 899, 900. Per *De Grey,* Ch J. Here, the defendants were guilty of the first wrong. *Pierce* was a mere passive agent,—a machine,—by which the injury was effected. The injury, it is true, must be the *legal* and *natural* consequence of the wrongful act of the defendant. *Butler* v. *Kent* & al. 19 *Johns. Rep.* 223. It is not the *legal* consequence when there is an intermediate responsible cause, or where the proximate cause is the plaintiff's own fault *Vicars* v. *Wilcocks,* 8 *East,* 1. 3 *Stark. Ev.* 986. *Butterfield* v *Forrester,* 11 *East* 60. *Flower* v. *Adam,* 2 *Taun.* 314. It is always the legal cause, where the plaintiff is not in fault, and there is no intermediate responsible cause. It is the *natural* consequence, whenever it follows as the necessary and unavoidable effect of the wrongful act, or whenever the injury could have happened through no other cause than the wrongful act. 3 *Stark. Ev.* 986. 1 *Stark. Rep.* 493. 3 *Wils.* 403. 12 *Mod.* 640. 1 *Ld. Raym.* 479. 2 *Bla. Rep.* 894. 898. 899. Here, the plaintiff's injury is, as the rule requires, the legal and natural consequence of the wrongful act or neglect of the defendants.

PETERS, J. The statute, on which this action is founded, subjects towns to the burthen of making and repairing all necessary roads within their respective limits, unless it belongs to some particular person, persons or corporation to make and repair the same ; and provides, that the town, person, &c. who ought to repair such road, shall pay just damages for all injuries received in body or estate, through, or by means of their neglect. *Stat.* 266. *tit.* 48. *s.* 1. 4. 5. This statute contains general regulations on this subject, but imposes no duty on the defendants, *unless* the facts alleged by the plaintiff evince, that *it belongs* to them to maintain and repair this road.

*Litchfield,*
June, 1828.

The Goshen
and Sharon
Turnpike Co.
*v.*
Sears.

1. It appears by the declaration, that in *May* 1803, the defendants were incorporated, by the legislature, by the name of *The Goshen and Sharon Turnpike Company;* and by that name to be known ; to sue and be sued, implead and be impleaded, in all courts of record ; to ordain and establish by-laws, necessary to carry into effect the object of their incorporation, *viz.* the construction of a public road from *Torrington* to the *West* line of the state, with power to erect gates and take toll thereon : That on the 1st of *January,* 1805, the defendants were legally formed into a company, for the purpose aforesaid : That on the 1st of *January* 1807, said road was completed, toll-gates were erected, and the same have ever since belonged to the defendants, and they have constantly taken toll of travellers thereon. These facts have been found, by the jury ; and the question now is, do they bring the defendants within the purview of the statute ?

It is contended, by the defendants, that these matters are not well pleaded ; that their charter, being a private act, ought to have been recited. The charter is certainly a private act ; and is a contract between the state and the corporation. *Dartmouth College* v. *Woodward,* 4 *Wheat.* 518. It is a rule in pleading, that the plaintiff should declare on a contract according to its legal effect, and not on *the evidence* of the contract. *Bacon* v. *Page,* 1 *Conn. Rep.* 404. " In general," says *Chitty,* " whatever circumstances are necessary to constitute the cause of complaint, or the ground of defence, must be stated in the pleadings, and all beyond is surplusage ; facts only are to be stated, and not arguments or inferences, or matter of law." Courts will not *ex officio* take notice of private acts of the legislature ; and consequently, such parts of them as may be material to the action or defence, must be stated in pleading." 1 *Chitt. Plead.* 218. 220  But, it is enough if they are counted upon, or the substance stated. *The Middletown Bank* v. *Russ* & al. 3 *Conn. Rep.* 135. 139  *Hempstead* v. *Reed,* 6 *Conn Rep.* 480. And they must be set out at least with certainty to a common intent. 3 *Inst.* 303. *a.* And if greater certainty were requisite, the defect is aided by verdict. *Hendrick* v. *Seeley,* 6 *Conn. Rep.* 176. *Bartlett* v. *Crozier,* 15 *Johns. Rep.* 250. 254. 1 *Saund.* 228. *a. Archb. Dig.* 115. And where the law presumes, that the knowledge of the facts is in the opposite party, less certainty is required ; because the principal object of pleading, is, to state facts, of which the opposite

party is supposed not to have knowledge. Thus, in an action
of the case for not repairing a private road through the defend-
ant's close, the declaration stated, that the defendant, by reason
of his possession, ought to have repaired ; and this was held
sufficient, without shewing the right or obligation of the de-
fendant to repair. *Rider* v. *Smith*, 3 *Term Rep.* 766. 1 *Swift's
Dig*. 600. 1 *Chitt. Plead*. 369. So, in *Tenant* v. *Golding*, 1
*Salk*. 21. 360. in an action on the case for not repairing
a wall, *debuit reparare* was held sufficient. The necessity
of reciting the charter, in an action like this, seems not
to have occurred to the late Chief Justice, when compiling his
*Digest*, as he has given us the form of a declaration merely
counting on the statute by its title. 2 *Swift's Dig*. 572. And
a similar declaration, in *Williams* v. *The Straits Turnpike
Company*, received the sanction of the superior court in *Litch-
field* county, *August* term 1806 ; and such is understood to have
been the practice.

2. Are the defendants bound to repair the road ? They ac-
cepted the charter, made the road, erected gates and received
toll of travellers thereon, for nearly twenty years. In *Riddle*
v. *The Proprietors of Locks and Canals on Merrimack River*,
7 *Mass. Rep.* 169. a duty was imposed on the defendants in
these words : " The said proprietors shall erect, make and for-
ever maintain such dams, canals and locks," &c. By accept-
ing this charter, it was held, the obligation became express and
absolute. " When the act of incorporation first passed," said
*Parsons*, Ch. J. (*p.* 184.) it was optional with the proprietors
whether they would, or would not, take the benefit of it. But
after they had made their election, by executing the powers
granted, and claiming the toll, then the duties imposed to make
canals, &c. attached." In *The Commonwealth* v. *The Wor-
cester Turnpike Corporation*, 3 *Pick*. 326. the defendants were
indicted for not repairing their road, and contended, that this
part of the road had not been so made as to be accepted. The
court said : "We do not think that the corporation can object,
that this part of the road has never been so made as to be ac-
cepted. They have established their gates, and have taken toll
for many years ; and part of the toll so taken is considered by
law as a compensation for making this part of the road." In
*Bartlett* v. *Crozier*, 15 *Johns. Rep.* 250. the defendant, being an
overseer of highways, was sued for neglecting to repair a bridge,
whereby the plaintiff's horse was injured. *Spencer*, J., in de-

*Litchfield,*
June, 1828.

The Goshen
and Sharon
Turnpike Co.
*v.*
Sears.

livering the opinion of the court, remarked (*p.* 255 ) that the principle on which this action rests, was recognized, by this court, in *Townsend* v. *The Susquehannah Turnpike Company,* 6 *Johns. Rep* 90. That was an action," continued he, " founded on an injury done the plaintiff in the loss of a horse, by reason that one of the bridges of the corporation was so ruinous as to fall, when the plaintiff was crossing it with his horses. The court held, that the action was sustained, on the ground that the corporation was bound to bestow ordinary care in the construction and repair of their bridges. The duty of the corporation, in that case, was an *implied* one, resulting from their *ownership of the road*, and *the reception of toll.*" Vid *Russell* v. *The Men of Devon*, 2 *Term Rep.* 671. *The Mayor of Lynn* v. *Turner, Cowp.* 86. The case of *Bartlett* v. *Crozier* was indeed reversed, by the court of errors. But say the court : " It is not like the case of an individual, bound by a private statute, or by a certain tenure, to keep a road or a bridge in repair ; nor like the case of turnpike companies There the duty is perfect, and binding at all times, and is founded on a valuable consideration." 17 *Johns. Rep.* 439. 451.

3. But the defendants claim, that they are not responsible for this injury, for two reasons : 1st, Because at the date of their charter, towns and particular persons were bound to repair all roads, and liable for all injuries occasioned by their neglect. 2ndly, That the defects in the road were not the *proximate cause* of the plaintiff's injury.

The statute on which this action is founded, (*Stat. tit.* 29. *p.* 119. n. ed. 1808. *p.* 10. ed. 1702.) has been in force, substantially, for more than a century. The only apparent alteration is the insertion of the word " corporation," *ex abundanti cautela*, in the revision of 1821 But owners of public roads were always bound to repair them, and liable for damages occasioned by their neglect, as already shewn. Corporations are artificial persons, and, for certain purposes, are considered as natural ones ; *e. g.* they have been denominated occupiers of land, deemed inhabitants of cities, &c. and bound to repair bridges *ratione tenuræ suæ terrarum.* They have sued, and have been sued, as citizens. *Rex* v. *Gardner, Cowp.* 79. *United States Bank* v. *Deveaux*, 5 *Cranch* 61.

The defendants claim, that the neglect of the defendants is not laid as the *proximate cause* of the plaintiff's injury. But it is laid and found, that it did not arise from the neglect, folly or

misfeasance of the plaintiff, or of *Alpine Pierce;* and that it was inevitable by them ; and that it did arise entirely from the neglect, folly and misfeasance of the defendants in making and repairing their road ; and it is a well settled principle, that he who does the first wrong, is responsible for the consequences. *Scott* v. *Shepherd*, 3 *Wils.* 403 *Gibbons* v. *Pepper*, 1 *Ld. Raym.* 38. *Dodwell* & ux. v. *Burford*, 1 *Mod.* 24. *Bull. N. P.* 26.

I am, therefore of opinion, that there is nothing erroneous in the judgment complained of.

The other Judges were of the same opinion, except BRAIN-ARD, J. who was absent.

Judgment affirmed.