Isaac Sullivan, for use of James D. Carr, Plaintiff in Error, v. James D. Dollins, Defendant in Error.

ERROR TO FRANKLIN.

A verdict will not be set aside, merely because the evidence might incline the mind of the court to a different result.

Pleas under which evidence was admitted, though loosely and imperfectly drawn, and obnoxious to a demurrer, if they apprise the plaintiff of the defence, are cured by the verdict.

Exceptions to instructions must be taken on the trial, if they are to be reviewed by the Supreme Court; they will not be so reviewed, upon an exception to a decision of the Circuit Court in refusing a motion for a new trial.

The statute, which debars the maker of a note from showing a want or failure of· consideration, against an assignee, has no application to a case where the payee, having the legal title to the note, sues in his own name for the use of another.

This was an action of assumpsit, brought by Sullivan, for the use of Carr, against Dollins, in the Franklin Circuit Court, to recover the amount of a note given by Dollins to Sullivan. The cause was tried before Denning, Judge, and a jury at April term, 1849, and resulted in a verdict and judgment for the defendant.

Defendant pleaded,

*First.* That if he executed the note, it was by, and under the influence of the fraud and misrepresentation of plaintiff, in this, that the consideration of the note was a certain stallion horse, which plaintiff represented to be of the stock and blood of the Leviathan, whereas he was of the worst scrub stock in the country.

*Second.* That the consideration had failed in this, that plaintiff agreed to furnish a pedigree of said horse before the first season for standing him, whereas he has never furnished it, whereby the horse has become valueless.

To the second and third counts, *nil debet.* Replications traversing fraud and misrepresentations.

Plaintiff moved to set aside the verdict, and render judgment for the plaintiff, notwithstanding the verdict, which was overruled. Motion for new trial overruled.

Plaintiff introduced the note, and proved that the same was in the possession of Carr before it was due, and that Dollins was aware of the fact.

Defendant proved, that in the fall of 1845, Sullivan sold a stud horse to defendant for $300, and paid him $100, and executed the note sued on. That Sullivan represented to Dollins that the horse was begotten by the old Leviathan, and out of a Stockholder; and Sullivan agreed to send Dollins, by next spring, certificates of respectable men in Tennessee, proving that fact. Witness has seen Leviathan stock; they are fine horses. Does not know whether certificate was ever sent. Exception taken to all this. F. M. Vance saw Sullivan as he brought the horse to this country, and Sullivan told him he had a fine Leviathan horse to sell in this State or Missouri. Two or three weeks after, saw Sullivan and Dollins together, and Sullivan told him he had sold horse to Dollins, and was to send him a pedigree of the horse. Horse of a sorrel color, and that Sullivan told witness the horse was begotten by imported Leviathan. Exception to all this testimony.

Henry Hays stated, that Sullivan had told him, he had sold a Leviathan horse to Dollins, and was to send him a pedigree to prove that fact. Exception to this.

John Smothers stated, he knew the horse Dollins had was a sorrel, but did not know his blood; but believed he was the same horse he knew in Tennessee, named Rattler.

O. C. Wilkerson knew Leviathan stock of horses, and does not believe Dollins's horse of that blood. Leviathan stock stood high; were worth from one to three thousand dollars; difference between Leviathan and common stock is nine hundred to one thousand dollars. Dollins's horse was worthless as a stallion. Knew horse from 1835 to 1839.

*Plaintiff, rebutting.* W. H. Eubanks stated, that Dollins said that the horse was a Leviathan, and that O. C. Wilkerson had tried to injure the character of the horse, but that his statements were not true. Dollins advertised the horse as a Leviathan in witness's shop, but he did not believe it.

O. C. Espy stated, that he knew the Leviathan stock; are generally of a sorrel color, and Dollins's horse resembled them.

A. M. Daniels stated, that Dollins stood the horse two seasons. Joseph Woston stated, that Dollins said the horse was worth what he paid for him, even if he was not of the Leviathan stock. D. Williams stated, that Dollins advertised the horse, in his neighborhood, as a Leviathan ; and Dollins said, O. C. Wilkerson wanted to ruin his horse; but that if he was not a Leviathan, and was of the blood O. C. Wilkerson said he was, he, Dollins, would not take what he gave for him.

James Bennett stated, he was acquainted with the Leviathan — they are of a sorrel color. Dollins's horse resembled the stock in color and form.

D. Hutson heard defendant say, that he believed he was of the Leviathan stock ; but when he bought the horse Sullivan was to send him the pedigree.

W. T. Cautrell heard Dollins say he hid not care whether the horse was of Leviathan stock or not; he would not take same amount for him ; witness does not think he resembles Leviathan stock, and would be worthless to him as a stallion. This was all the evidence in the case.

W. B. Scates, for plaintiff in error.

S. Breese, for defendant in error.

Trumbull, J. It is manifest, from the whole record in this case, that the consideration of the note sued on was a stallion of the Leviathan stock, together with certificates of respectable men in Tennessee proving the pedigree of the horse, which were to be furnished before the then next season. The evidence is somewhat loose as to the blood of the horse, and the failure to furnish the certificates; but the jury were clearly warranted to infer from it, that the certificates were never furnished, and that the horse was not of the blood represented. They might, without a manifest disregard of the evidence, have found either way, and in such a case, a verdict will not be set aside for the reason simply, that the evidence might incline the mind of the court to a different result.

The pleas under which the evidence was admitted were loosely

drawn, and might have been obnoxious to a demurrer, but they fully apprised the plaintiff of the defence relied upon, and after verdict must be deemed sufficient. The rule is, that "where there is any defect, imperfection, or omission, in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer; yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed, that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict." 1 Chitty's Pl. 673; Hendricks *v.* Seeley, 6 Conn. 176.

Here the whole evidence is before the court; and if it were admitted that the pleas did not allege with sufficient certainty, that the note was given in consideration of a horse of a particular stock, with certificates of his pedigree to be afterwards furnished, which was the consideration attempted to be set forth, still the court can see, from the evidence, without indulging in presumptions, that upon the trial, such was clearly shown to have been the consideration of the note; and the pleas after issue joined upon them were sufficiently specific to justify the introduction of the evidence.

The correctness of the instructions is not before us, as no exception was taken to them at the time they were given, and it has repeatedly been held, that to avail himself of an objection to an instruction, the party must except to it when given, and that he cannot do so afterwards in this court, on an exception to a decision of the court below in refusing a motion for a new trial. Leigh *v.* Hodges, 3 Scam. 15; Hill *v.* Ward, 2 Gilm. 293. The judge presiding at the trial would undoubtedly sustain a motion to set aside a verdict, which he was satisfied might have been obtained through a misdirection of his, although not excepted to; but in this court, a party, to avail himself of an objection to an erroneous instruction to the jury, must have excepted to it at the time it was given.

The statute debarring the makers of a note from setting up a want or failure of consideration as a defence to a note assigned before due, applies only to cases, where the legal title to the note

has been transferred by assignment to a *bonâ fide* assignee, and has no application to a case like this, where the payee of the note, who has the legal title, institutes a suit in his own name for the use of another.

The judgment of the Circuit Court is affirmed at the cost of the plaintiff in error.

*Judgment affirmed.*