THE CHICAGO AND ROCK ISLAND RAILROAD CO.

*v.*

HARRIET CRANDALL.

1. NEW TRIALS — *verdict against the evidence.* A verdict will not be set aside where there is a contrariety of evidence on both sides, and the facts and circumstances, by a fair and reasonable intendment, will warrant the inference of the jury, notwithstanding it may appear to be against the strength and weight of the testimony.

2. Upon a slight preponderance of evidence against a verdict, the court will not disturb it.

3. Where the evidence has been fairly presented to the jury, and they have passed upon it, although it may not be entirely free from doubt, their verdict will not be disturbed unless it is clearly against the weight of evidence.

4. A verdict will not be disturbed unless it is *clearly* wrong.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a suit commenced before a justice of the peace in Bureau county, by Harriet Crandall, against the Chicago and Rock Island Railroad company, to recover a claim of eighty-six dollars for cattle belonging to the plaintiff, and alleged to have been killed by a train of the company upon their road. The cause was removed into the Circuit Court by appeal, where a trial resulted in a verdict and judgment for the plaintiff. The railroad company brings the cause to this court by appeal.

The only question presented on the record is, whether the verdict was contrary to the evidence.

Mr. GEORGE C. CAMPBELL, for the appellant.

Mr. J. I. TAYLOR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record presents no question of law for our consideration. The only point of any importance is, the refusal of the court to set aside the verdict and grant a new trial for the alleged insufficiency of the evidence.

There was testimony on both sides as to the sufficiency of the fence, and as to the point where probably the cattle got on to the railroad. If at the point testified to by Ziegler and others, at that point the fence was defective and insufficient to prevent cattle getting on to the road. If at another point which other witnesses thought was the point, the fence was sufficient. All this evidence went to the jury and was carefully weighed by them, and we cannot say it does not preponderate as the jury have found. It is certain the testimony is somewhat contradictory, and not so decisive either way as to justify the court in disturbing the verdict.

It is a rule long established in this court, that a verdict will not be set aside, when there is a contrariety of evidence on both sides, and the facts and circumstances, by a fair and reasonable intendment, will warrant the inference of the jury, notwithstanding it may appear to be against the strength and weight of the testimony. *Lowry* v. *Orr*, 1 Gilm. 70; *Jenkins* v. *Brush*, 3 id. 18; *Roney* v. *Monaghan*, id. 85; *Sullivan* v. *Dollins*, 13 Ill. 85; *Bloom* v. *Crane*, 24 id. 48.

Upon a slight preponderance of evidence against a verdict, the court will not disturb it. *Bloomer* v. *Denman*, 12 Ill. 240; *Goodell* v. *Woodruff*, 20 id. 191.

And it is further held, that a verdict will not be disturbed, unless it is clearly wrong. *French* v. *Lowry*, 19 Ill. 158; *Bush* v. *Kindred*, 20 id. 93; *Carpenter* v. *Ambroson*, id. 170; *School Inspectors of Peoria* v. *Hughes*, 24 id. 231; *Cross* v. *Carey*, 25 id. 562.

We cannot say, looking at the testimony, that the verdict is

clearly wrong, or that there is such a great preponderance of evidence against the plaintiff as to justify setting it aside.

And where the evidence has been fairly presented to the jury, and they have passed upon it, although it may not be entirely free from doubt, their verdict will not be disturbed, unless it is clearly against the weight of evidence. *Chi. & Rock Island R. R. Co.* v. *Hutchins*, 34 Ill. 108.

The judgment must be affirmed.

*Judgment affirmed.*