## RICKALY, Appellant, v. O'BRIEN BOILER WORKS COMPANY, Respondent.

### St. Louis Court of Appeals, November 1, 1904.

1. **PRACTICE: Pleading: Discretion of Trial Court.** Where on motion of the defendant, the plaintiff was ordered by the court to make his petition more definite and certain as to certain portions thereof, the defendant was not in default in failing to plead to the residue of said petition, only one cause of action being stated, where, within the time for pleading provided by the order of the court, it filed another motion to make other parts of the petition more definite and certain.

2. **PLEADING: Particular Acts of Negligence: Master and Servant.** As a general rule, the doctrine of *res ipsa loquitur* does not obtain where the relationship of the master and servant subsists, and no presumption of negligence on the part of the employer was inferable from the mere occurrence of an accident; but it is necessary, in an action for injuries caused to the servant by the master's negligence, to allege with sufficient particularity the facts of the accident and thus apprise the defendant of the specific act of negligence with which he is charged.

3. ———: ———: Facts Known to Opposite Party. Where the facts to be alleged in stating the cause of action, from their nature are peculiarly within the knowledge of the opposite party, or may fairly be presumed to be within his knowledge, a degree of less certainty and particularity is requisite in pleading them, than in ordinary cases.

4. ———: ———: ———. In an action by an employee against his employer for injuries caused by a splintering driftpin which he was assisting to drive into a boiler, an allegation that the said driftpin was defective and that it was improperly and unskillfully made and of defective material, shape and construction, rendering it liable to chip and splinter, and that the plaintiff was unable to more specifically describe the defects of said driftpin because it was made by defendant and was and had always been in the possession of defendant is sufficiently specific, and it was error for the trial court to sustain a motion to make the allegations more definite and certain.

Appeal from St. Louis City Circuit Court.—*Hon. J. A. Blevins*, Judge.

REVERSED AND REMANDED.

*Kinealy & Kinealy* for appellant.

(1) Defendant's first motion to make part of the amended petition more definite and certain should have been overruled. Mueller v. Busch, etc., Co., 15 Abb. N. Cas. 88; 6 Ency. Pl. and Pr., 271; Ziegler v. Garvin, 82 N. Y. S. 769; Goschen, etc., Co. v. Sears, 7 Conn. 92; Bogard v. Railroad, 76 S. W. 170; Schneider v. Railroad, 81 Wis. 356; Railroad v. Jones, 83 Ala. 376; Herklotz v. Chase, 32 Fed. 433; Allen v. Transit Co., 81 S. W. 1142; 3 Ency. Pl. and Pr., 529, and notes. (2) Defendant's last motion to make remaining parts of the amended petition more definite and certain should have been overruled. (3) Plaintiff's first motion for judgment by default should have been sustained. 6 Ency. Pl. and Pr., 77, 92, par. 12; Warren v. Nelson, 4 Ill. 39; McAllister v. Ball, 28 Ill. 210; Safford v. Vail, 22 Ill. 327; Weigand v. Schrick, 34 Mo. 510; R. S. 1899, sec. 600, p. 252. (4) When defendant filed its second motion to make parts of amended petition more definite and certain all defects such as alleged had been waived by previous pleadings and rulings thereon. 6 Ency. Pl. and Pr., 283, par. b. (5) A demurrer on the ground that the petition does not state a cause of action is a pleading to the merits. 24 Am. and Eng. Ency. of Law (2 Ed.), 799; Ins. Co. v. Smith, 117 Mo. 296, 22 S. W. 623. (6) Plaintiff's motion to strike from the files defendant's last motion to strike out parts of amended petition and for judgment should have been sustained. R. S. 1899, sec. 612; 21 Ency. Pl. and Pr., 244; 20 Ency. Pl. and Pr., 60. (7) Plaintiff's second motion for default and subsequent motion for judgment should have been sustained. Darrow v. Miller, 5 How. Pr. 247; 20 Ency. Pl. and Pr., 54.

*Wise & McNulty* and *Seddon & Holland* for respondent.

(1)   The court did not err in refusing to grant appellant a judgment by default on the two occasions referred to by appellant:   (a)   Because the respondent on both occasions had three days in which to file an amended pleading and the judgment by default in each case was asked before said period had elapsed.   See rule 21 of the rules of practice of the circuit court.   (b) Because this was a matter entirely within the discretion of the trial court and this court will not interfere therewith.   (2)   The court did not err in sustaining the motions filed by respondent to make the petitions of appellant more definite and certain.   The charges of negligence were general, and it was incumbent upon appellant to make said charges more definite and certain. Bohn v. Railroad, 106 Mo. 429, 17 S. W. 580; Fuchs v. St. Louis, 167 Mo. 620, 67 S. W. 610; Oglesby v. Railroad, 177 Mo. 272, 76 S. W. 623; Epperson v. Tel. Co., 50 S. W. 795; Searles v. Railway, 101 N. Y. 662; Smith v. Bank, 99 Mass. 611; Dobbins v. O'Brien, 119 N. Y. 193; Peirce v. Kile, 80 Fed. 868; Mining Co. v. Kitts, 42 Mich. 35; Brownfield v. Railway, 5 Am. Neg. Rep. (1899), 33; Kepner v. Traction Co., 183 Pa. St. 84.

## STATEMENT.

In this proceeding, after bewildering steps in the lower court not essential to be now detailed, on the twenty-first of March, 1904, defendant moved to make more definite and certain parts of the following amended petition:

"Plaintiff for his amended petition states that at all times hereinafter mentioned defendant was, and still is a corporation duly organized under the laws of the State of Missouri, engaged in the business of boiler and tool making and steel and iron working and plaintiff, at the times hereinafter mentioned, was in its employment at its workshops; that on a day of August, 1903, which plaintiff has forgotten, but about the tenth

day of August, 1903, whilst plaintiff was in the employment of defendant, its foreman then in charge of its work and to whose orders this plaintiff was then subject, directed plaintiff to go over to a part of said shop where a man was engaged in driving a bar, known as a driftpin, on or through what is known as a stay bolt in a boiler, and to hold on to what is known as the water leg of said boiler; that acting under said direction, plaintiff held on to said water leg and whilst doing so, a splinter or chip flew from said driftpin on a blow being struck on it with a hammer by said man then engaged in driving said driftpin as aforesaid and said chip or splinter then and there struck plaintiff in his right eye and inflicted a painful wound and thereby plaintiff was permanently deprived of the sight of said eye.

"Plaintiff further states that he was so wounded and injured because of the following facts, viz.:

"First.   That he was directed by said foreman to stand and place himself in a position which would be dangerous in case such driftpin would chip or splinter under blows and said danger was not known to plaintiff but was known to defendant and its said foreman or by the exercise of reasonable care might have become known to them and each of them, and plaintiff does not know which of said statements was true, but it was either the one or the other.

"Second.   That said blow was negligently struck by said man using said hammer whereby said chip was caused to fly from said driftpin but plaintiff is unable to say in what manner said blow was negligent or why it caused said chip to fly, as he is not an expert in such work or matters and asserts and believes said blow was negligently struck and caused said chip to fly, because he was so informed, and believed the information to be correct.

"Third.   That said driftpin was made of iron or steel and was defective in that it was improperly and

unskillfully made and was made of defective material, shape and construction, all which rendered it liable to chip and splinter and all which was well known to defendant and its said foreman or, by the exercise of reasonable care might have become known to defendant, and plaintiff does not know which of the two last mentioned statements was the true one but it was either the one or the other, and plaintiff does not know whether said driftpin was of iron or steel but says it was of one or the other.

"Plaintiff further states that he is unable to more specifically describe the defects of said driftpin, because said driftpin was made by defendant and is now, and always has been, in possession of defendant; that plaintiff ascertained the defects thereof above stated only from the statements of others whom plaintiff believes to be capable of ascertaining them, and to have made a truthful statement to him concerning them, and on whose judgment plaintiff relied; that plaintiff is not an expert in such tools or the construction or shape of said driftpin or in or of the material of which it was or should be made, or its defects or the defects of such material or shape or construction, and has himself no personal knowledge thereof except that obtained on the casual look had of it by plaintiff before he was wounded as aforesaid; that said driftpin seemed to be a bar of iron or steel straight in shape or nearly so, and plaintiff has no further or more definite knowledge of said defects in the construction of said driftpin or in or of its material, shape or otherwise than as above stated and can not now obtain any more or further particulars thereof because it is not accessible to him for examination.

"Plaintiff further states that by reason of the matters aforesaid he was rendered permanently blind, he suffered great bodily and mental pain, he was put to great expense for medical attendance and nursing and in procuring an artificial eye; he was rendered unable

to work or follow his occupation for several months, and his ability to earn a livelihood was greatly impaired and lessened, by reason of all which he has been damaged three thousand dollars for which he asks judgment.''

Such motion being in form following:

''Now comes defendant and moves the court for an order on plaintiff to make the following portion of his petition more definite and certain, to-wit: the portion which reads as follows:

'' 'Third.  That said driftpin was made of iron or steel and was defective in that it was improperly and unskillfully made, and was made of defective material, shape and construction, all which rendered it liable to chip and splinter, and all which was well known to defendant and its said foreman, or by the exercise of reasonable care might have become known to defendant; and plaintiff does not know which of the last two mentioned statements was the true one, but it was either the one or the other, and plaintiff does not know whether said driftpin was of iron or steel, but says it was one or the other.

'' 'Plaintiff further states that he is unable to more specifically describe the defects of said driftpin because said driftpin was made by defendant and is now, and always has been, in possession of defendant; that plaintiff ascertained the defects thereof above stated only from the statements of others whom plaintiff believes to be capable of ascertaining them, and to have made a truthful statement to him concerning them, and on whose judgment plaintiff relied; that plaintiff is not an expert in such tools or the construction or shape of said driftpin, or in or of the material of which it was or should be made, or its defects or the defects of such material or shape or construction, and has himself no personal knowledge thereof save that obtained on the casual look had of it by plaintiff before he was wounded as aforesaid; that said driftpin seemed to be a bar of

iron or steel straight in shape or nearly so, and plaintiff has no further or more definite knowledge of said defects in the construction of said driftpin, or in or of its material, shape or otherwise than as above stated, and can not now obtain any more or further particulars thereof because it is not accessible to him for examination.'

"And for ground of said motion defendant assigns that said portion of plaintiff's petition is indefinite and uncertain, and while it states that the driftpin in question is improperly and unskillfully made, it does not state in what particular said pin was improperly or unskillfully made, nor does it state in what respect the material was defective, nor in what respect the shape and construction was improper."

On April 13, the court sustained this motion and the day following, plaintiff moved for judgment by default for the reason that defendant had filed no pleading to the parts of the amended petition not comprehended in the motion, and defendant's general demurrer to the amended petition filed April 15, and the motion for default were overruled on the eighteenth of May and the time for pleading by defendant having been extended by the court, on the twenty-sixth of May, the defendant filed a second motion to make definite and certain as follows:

"Now comes defendant and moves the court for an order on plaintiff to make the following portions of plaintiff's petition, and each of them, more definite and certain, to-wit:

"'First.   That he was directed by said foreman to stand and place himself in a position which would be dangerous in case such driftpin would chip or splinter under blows, but that said danger was not known to plaintiff, but was known to defendant and its said foreman, or by the exercise of reasonable care might have become known to them, and each of them, and plaintiff

does not know which of said statements was true, but it was either the one or the other.'

"And for ground of its said motion defendant assigns that while plaintiff states that there was danger of said driftpin chipping, which was known, or might have been known to defendant, he does not state what that danger was, or what it was due to. If it was merely a danger incident to perfect driftpins, then the said clause would state no cause of action, but if it was a danger due to some peculiar condition not ordinarily incident to driftpins, it is incumbent upon plaintiff to state what the danger was, and to what it was due.

"Also the following portion. to-wit:

" 'Second. That said blow was negligently struck by said man using said hammer, whereby said chip was caused to fly from said driftpin, but plaintiff is unable to say in what manner said blow was negligent, or why it caused said chip to fly, as he is not an expert in such work or matters and asserts and believes that said blow was negligently struck and caused said chip to fly, because he was so informed, and believed the information to be correct.'

"And for ground of its said motion defendant states that while said portion of plaintiff's petition states that one of the servants of defendant negligently struck said driftpin, it does not state wherein such negligence consists."

On June 7, the plaintiff filed motions for judgment by default and to strike defendant's last motion from the files, and on the fifteenth of June the court overruled both motions of plaintiff and sustained defendant's motion, ordering plaintiff to make his amended petition more definite and certain and plaintiff declining to comply with this order, the court ordered the cause dismissed and plaintiff has appealed.

REYBURN, J. (after stating the facts).—1. By rule second of the rules adopted and in force by the

circuit court of the city of St. Louis, it is provided that amended pleadings, under section 621, Revised Statutes 1899, shall be filed within three court days after the former pleading shall have been adjudged insufficient: in accordance with this rule in neither instance was defendant in default in its pleading and plaintiff was not entitled to judgment against it in consequence. Plaintiff's petition purported to set out a single, not several distinct causes of action and therefore section 600 of the Revised Statutes invoked failed of application. A trial court is justified in exercising its own sound discretion in granting or, if it deems just, in withholding or even setting aside a judgment by default and in absence of abuse of such authority, which is not manifest in this proceeding, its action in such regard should not be interfered with by an appellate tribunal.

2.   As a general rule subject to exceptions within which the facts of this casualty do not fall, the doctrine of *res ipsa loquitur* does not obtain, where the relationship of master and servant subsists, and no presumption of negligence on the part of the employer is inferable from the mere occurrence of an accident, but it is an affirmative fact for the injured employee to establish that his employer has been guilty of negligence to fasten liability.   LaBatt, Master & Servant, sec. 833, and authorities cited; Oglesby v. Railroad, 177 Mo. 272, 76 S. W. 623; Fuchs v. City, 167 Mo. 620, 67 S. W. 610; Nolan v. Shickle, 3 Mo. App. 300.

Where, as in instances of carrier and passenger, the happening of an accident gives birth to a presumption of negligence, it is sufficient for the plaintiff to allege the accident and aver in general terms that it resulted from the defendant's negligence and that the passenger was injured.   Allen v. Transit Co., 81 S. W. 1142.   But where no such presumption prevails, as in the case here presented, the rules of pleading are to be enforced more severely and rigidly and it is requisite for the plaintiff to detail with sufficient particularity

the particular facts of the accident and apprise the defendant of the specific act of negligence with which he is charged. It is also a general rule of pleading that where the facts to be alleged from their nature are peculiarly within the knowledge of the opposite party or may fairly be presumed to be within the knowledge of the opposite party, a degree of less certainty and particularity is required than in ordinary cases. 6 Ency. Pleading and Practice, 271; Railroad v. Jones, 83 Ala. 376; Goshen, etc., Co. v. Sears, 7 Conn. 86. We have therefore reached the conclusion that the third specification of negligence embraced in this amended petition sufficiently and substantially complied with the reasonable rules for government of the statement of such cause of action and that the averments to the effect that the driftpin was constructed of iron or steel, was defective in that it was improperly and unskillfully made and of defective material, shape and construction, rendering it liable to chip and splinter were sufficiently specific and adequately advised defendant of the facts constituting the right of action asserted, and presented a statement of a good cause of action on plaintiff's behalf, upon which defendant should have joined issue, and the lower court therefore erred in sustaining the motion to make more definite and certain, levelled at this paragraph of the amended petition. The judgment is accordingly reversed and the cause remanded. All concur.