## WASDEN DRIGGERS

*v.*

## DAVID A. BELL.

94   223
129   110
94   223
31a   50
94   223
47a   587
94   223
63a   254
94   223
167   375
68a   645

1. MEASURE OF DAMAGES—*on failure to deliver grain sold.* The measure of damages for a breach of a contract to sell and deliver grain, where the price has not been paid, is the difference between the market value at the time of default and the contract price, with six per cent interest thereon.

2. VARIANCE—*as to time of delivery under contract.* Where a declaration in a suit for the breach of a contract for the sale of wheat, alleged that by the contract the wheat was to have been delivered "in a reasonable time," and the proof was, to be delivered on payment and demand, "at any time within five weeks," it was held that the variance would have been fatal if the objection had been made on the trial, unless the declaration had been amended.

3. PRACTICE—*time to object.* Where an objection could have been obviated by amendment, and it is not made on the trial, it will be too late to urge the same in this court for the first time. So held of a variance between the declaration and proof as to the terms of a contract.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. BELL & GREEN, Messrs. PARTRIDGE & PARKER, Mr. LESLIE DURLEY, for the appellant.

Messrs. CREBS & CONGER, and Mr. JAMES McCARTNEY, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Bell, in this action, recovered of Driggers a judgment for damages to the amount of $1400, upon a claim that Driggers had agreed to sell and deliver to Bell 7000 bushels of wheat at $1.50 per bushel; that Driggers had refused to perform this contract, although Bell was able and ready, and offered to perform on his part.

Driggers has appealed to this court, and, by his counsel, urges that the court erred in charging the jury that interest could be allowed, in assessing the damages in this action, upon

the excess of the market price, at the time of default, over the contract price.

Counsel concede that in a case where the price of the property was paid by the purchaser before default in the seller, the plaintiff may recover interest upon the whole market value of the property from the time of default, but insists that, where the contract price has not been paid, no interest can be recovered, and that the limit of damages to be recovered is simply the difference between the contract price and the market price at the time of default.

No reason, on principle, is perceived for such a distinction. The liability at the time of default, in each case, is for the market value of the property, less the amount, if any, of money paid on the price, and interest, in either case, is allowed as compensation for the delay in payment of the damages arising from the default.

Another ground of complaint is, that the proofs do not support the allegations of the declaration; that there is a variance between the allegata and the probata. The declaration alleges that, by the terms of the contract of purchase, the wheat was to be delivered "in a reasonable time;" whereas the proof is, that the wheat was, by the terms of the contract, to be delivered, on payment and demand, "at any time within five weeks" from the day of the contract.

This objection, if taken on the trial, certainly would have been fatal to the action, unless obviated by an amendment of the declaration, on trial, under the provisions of our statute. No such objection was made upon the trial, nor does the attention of the circuit court seem (from anything in this record) to have been called to this variance in any part of the proceedings in that court. Appellant can not be permitted to raise that question for the first time in this court. It is true, the circuit court was asked by the defendant to charge the jury, and did charge, among other things, that, "in this case the jury must believe, from the weight of the testimony, that all the terms of the contract were agreed upon by plaintiff and

defendant as set up in the plaintiff's declaration, or the jury must find for the defendant;" but it does not appear that any point was made on the trial on account of the variance.

The entire record shows that the controversy at the trial was not on this question at all, but the dispute was, whether a contract of sale of 7000 bushels of wheat, at $1.50 per bushel, was or was not agreed upon. The record does not show that this question of variance was raised even on the motion for a new trial in the court below.

Had this objection been made, it might have been obviated at once, by an amendment of the declaration. An objection which, if made at the trial, could easily have been obviated, ought not to prevail in this court, if raised here for the first time.

Finding no sufficient cause to reverse this judgment, it must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT, dissenting:

It is conceded, in the opinion of the majority of the court, there is a variance between the proofs and the declaration that would be fatal had the objection been taken at the trial in the court below.

One ground upon which the judgment is affirmed is, the objection was not made in the motion for a new trial. The motion for a new trial was in writing, and the seventh cause alleged is, "the proof does not sustain the declaration." That is equivalent to saying there is a variance between the proofs and the declaration.

As it was a question of fact whether the proofs sustained the declaration, or whether there was a variance between them, defendant could not sooner make the objection, and he ought to be allowed the benefit of it in this court.

The instructions given seem to indicate the same objection was insisted on in the argument before the jury, but that fact

can not be shown in the record. The formal objection would more appropriately appear as it does in the motion for a new trial.