# Indianapolis and St. Louis Railroad Co.

## v.

## Robert F. Estes.

*Filed at Mt. Vernon October 2, 1880.—Rehearing denied November 5, 1880.*

1. ·Law and fact. It is a question of law whether there is evidence tending to prove a cause of action, but it is a question of fact whether the weight of evidence establishes a cause of action.

2. Negligence—*use of defective machinery.* It is the duty of a railway company to furnish, for the use of its road, suitable and safe machinery, and if a fireman, while in the employ of the company, and discharging his duty, without fault on his part, in consequence of an unsafe and improper pilot or cow-catcher, used by the company with knowledge of its defects, receives a personal injury, the company will be liable to him.

3. Practice—*specific objection.* An objection to the admission of evidence · in the trial court, upon the ground of an alleged variance between the allegations in the declaration and the proof objected to, can not avail in this court unless that specific ground of objection was made in the trial court, as, had such ground of objection been specifically made, it could have been obviated by an amendment of the declaration.

APPEAL from the Appellate Court for the Fourth District; the Hon. TAZEWELL B. TANNER, presiding Justice, and Hon. GEORGE W. WALL, and Hon. JAMES C. ALLEN, Justices;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. B. W. HANNA, and Messrs. WILDERMAN & HAMILL, for the appellant.

Mr. JAMES M. DILL, for the appellee.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is an action brought by Estes, against the railroad company, for injuries received by the plaintiff while doing the duties of fireman upon a locomotive of the defendant.

The allegation is, that the injuries resulted from an imperfection in the construction of the pilot or cow-catcher, and that defendant had notice of this imperfection, and had neglected to repair it, and that plaintiff had reason to believe and did believe that it had been repaired. The defendant pleaded not guilty. The issue was tried by a jury, and a verdict rendered for the plaintiff, and his damages assessed at $3000. Motion for a new trial was overruled, and judgment rendered upon the verdict. Defendant appealed to the Appellate Court for the Fourth District. There the judgment was affirmed, and from that judgment of affirmance defendant appeals to this court.

The errors assigned in this court are general, and claim, simply, that the Appellate Court erred in affirming and not reversing the judgment of the circuit court.

In examining the errors assigned upon the record in the Appellate Court, it appears it was *there* insisted that the circuit court erred in refusing to grant a new trial; that it erred in admitting improper evidence in behalf of the plaintiff,

in refusing proper evidence in behalf of the defendant, and in giving an improper instruction asked by the plaintiff. It was there insisted, also, that the verdict of the jury was not supported by law or the evidence, and that the court erred in rendering judgment in favor of the plaintiff.

As to questions of fact, the decision of the Appellate Court can not be reviewed in this court. It is a question of law whether there is evidence tending to prove a cause of action. It is a question of fact whether the weight of evidence establishes a cause of action.

We have examined the evidence in this case, and find evidence tending to prove every essential element of a cause of action in the plaintiff. There is evidence tending to contradict this, but the decision of the Appellate Court, as to the weight of the evidence, must govern. The chief part of appellant's argument in this court is addressed to the question of the weight of evidence, (a question not before us,) and the questions of law in the case received but little discussion in the argument.

There were but few exceptions taken upon the trial in relation to the admissibility of evidence. We have examined each of them carefully, and we find nothing of any moment—nothing sufficient to justify a reversal of the judgment for error in that regard. The only instruction to which exception was taken by appellant, was in the following words:

"This court instructs the jury that it was the duty of defendant to furnish, for use on its road, suitable and safe machinery, and the law imposes upon defendant a high degree of care in this regard. Therefore, if the jury believe, from the evidence, that plaintiff, without fault on his part, was injured in consequence of an unsafe and improper pilot, knowingly used by defendant, then the jury should find for plaintiff, and assess his damages at such sum as the jury may believe, from the evidence, he is entitled to recover, not exceeding the amount claimed in the declaration."

It is not perceived that this instruction is faulty in any respect.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

Subsequently, on an application for a rehearing, the following additional opinion was filed:

Mr. Chief Justice Dickey:

On petition for a rehearing, it is insisted that the evidence does not correspond with the allegations of the declaration, in this: The averment is, that at the time of the injury, the plaintiff had no knowledge of the improper condition of the pilot, by which, it is alleged, the injury was caused; whereas, the testimony of the plaintiff is, that he measured the elevation of the pilot just one week before, and found it in an unsafe condition, and therefore did know its dangerous condition. It is also said that the proof tending to show that he reported the condition of the pilot, and was assured that it would be properly fixed, can be of no avail to the plaintiff, because there is no allegation in the declaration that he was induced to continue to run on the engine by a promise that the pilot would be fixed.

Our attention was not distinctly called to this supposed variance between the allegations and proofs, until the presentation of this petition. Had it been, it would have been noticed, but could have been of no benefit to appellant.

When the evidence was offered (tending to prove that plaintiff called the attention of the engineer to the dangerous condition of the pilot, and was assured that it would be fixed,) defendant did object to it, but the objection was not placed upon the ground of a variance from the declaration. Had this ground of objection been pointed out to the circuit court, the objection might have been at once obviated, under our statute, by an amendment of the declaration. We have heretofore held that an objection of this kind, which, if specially

pointed out to the circuit court, may be at once obviated, can be of no avail, unless the attention of the circuit court is specially called to the point. A case ought not to be reversed in this court, on a question which the circuit court did not, in fact, decide, and which, if presented to that court, might have been at once obviated.

The objection to the admissibility of this evidence which was presented to this court on the hearing, by appellant, was not that of a variance, but was that the notice of the condition of the pilot was not given to the appropriate officer, it being insisted that it was no part of the duty of the engineer, to whom notice was given, to have the pilot fixed. This did not raise the question now presented.

The writer of this opinion thinks, also, that the proof complained of was admissible under the declaration. The vital question was, did the plaintiff know of the defective condition of the pilot at the time of the injury, so that his own imprudence in knowingly using a dangerous instrument did contribute, materially, to the injury. He did know it was in bad condition one week before, but the proof is that he then called the attention of the engineer to its condition, and he promised to have it fixed; and between that time and the trip on which the injury occurred, plaintiff was off the road, and used the engine on that trip on the belief that the pilot had been fixed; and so he did not know that the pilot was in an unsafe condition when he was making the use of it in which the injury occurred.

Be this as it may, we all agree that the objection to the proof, on the ground of a variance, can not be raised in this court, unless the question was distinctly submitted to the circuit court.

The petition for rehearing is denied.

*Petition denied.*