CITY OF BLOOMINGTON

V.

LUELLA TEBBALLS.

17 455
47 587

1. VARIANCE—TIME TO MAKE OBJECTION.—The court is of opinion that the variance between the declaration and the proof is not material, but if it were important, objection should have been made in the court below.

2. EVIDENCE—DISCRETION OF TRIAL COURT.—Unless there is some special reason for it the trial court is not bound to allow a mere repetition of questions.

3. INSTRUCTIONS.—Where. in an action against a city for negligence, the main purpose of a certain instruction was with reference to the measure of damages, and the terms of such instruction referred the jury to the declaration where the allegation of due care was to be found, and other instructions abundantly presented the element of due care. *Held*, that such instruction was not erroneous.

· APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed December, 4, 1885.

Mr. T. C. KERRICK, for appellant.

Mr. JOHN T. LILLARD, for appellee.

WALL, P. J. This was an action on the case by appellee against the appellant, to recover for injuries alleged to have been sustained by appellee in consequence of a fall caused by a defective street crossing. The appellee recovered a verdict for $2,500 and had judgment thereon with costs. The appellant assigns various errors which will be noticed in their order

as they appear in the brief. It is first urged that there is a fatal variance between the declaration and the proof in this: It is alleged the defect in the crossing was caused by a plank or board being broken and decayed, and the broken or decayed part removed, whereas the proof only shows the board was broken and decayed and that a certain board wore off at the edge by gradual decay, and it is not shown that the broken part or any part of the board was removed and taken away. Admitting or assuming the proof is as stated, in its effect we think the variance in the description of the defect is not important; but if it were important the objection should have been made on the trial, so that it might have been obviated by an amendment if deemed material. City of Elgin v. Kimball, 90 Ill. 356; I. & St. L. Ry. Co. v. Estes, 96 Ill. 473. It is next objected that the court erred in not permitting appellant to put certain questions to the witness Dr. Mason, called by appellee, and to the witness Dr. Dunn, called by appellant. The question proposed to ask of the latter witness was leading and objectionable for that reason, and in both instances the question was but a repetition of a preceding question which had been fairly answered. The trial court has a large discretion in matters of this sort. It may permit the same question to be propounded more than once and in several different forms if the ends of justice seem to require it, but unless there is some special reason for it, it is not bound to allow a mere repetition. There was no apparent necessity for such repetition in the present case, and we can not say the court improperly exercised its discretion. City of Aurora v. Hillman, 90 Ill. 61. The next objection urged by counsel is the giving of the fourth instruction for plaintiff which reads as follows:

" If the jury believe from the evidence that plaintiff was injured by reason of a defect in a public sidewalk of the city of Bloomington, in manner and form as stated in her declaration, and that of the defect defendant had due notice, and that as a natural, necessary and unavoidable result of such injury the plaintiff suffered a miscarriage, then the jury in fixing the amount of damage to be allowed plaintiff for such injury have

a right to take into consideration such miscarriage, with all its consequent pain and suffering, if any such is shown by a preponderance of the evidence." It is said of this instruction that it requires the jury to assess the plaintiff's damages regardless of whether her own negligence contributed to the result. The jury are told that if the plaintiff was injured as stated in the declaration, then, etc., etc. The declaration stated that the plaintiff in passing over the crossing, and while using ordinary care for her personal safety, stepped into the hole, etc. The terms of the instruction would refer the jury to the declaration where the allegation of due care is to be found. Such mode of instructing the jury has been approved in Miller v. Balthasser, 78 Ill. 302, and in O. & M. R. R. Co. v. Porter, 92 Ill. 437. The main feature and purpose of the instruction was with reference to the measure of damages in case the jury should find the particular injury mentioned had necessarily followed as a consequence of the accident in question.

The instruction was not designed as a critical statement of the grounds upon which a recovery might be had, though if it were so intended it will, when carefully considered, be found to include the element of due care. But conceding that it is not sufficiently clear and definite in this respect, it does not conflict with other instructions which are full and explicit enough. The element of care by plaintiff is repeatedly presented in the other instructions, both of plaintiff and defendant, as fundamental to a recovery, and there is no want of harmony in either or between either series. The jury were abundantly instructed on this branch of the case, and we are not able to see that appellant has any just ground of complaint herein. T., W. & W. Ry. Co. v. Ingraham, 77 Ill. 309 ; St. L., V. & T. H. R. R. Co. v. Funk, 85 Ill. 460 ; Hayward v. Merrill, 94 Ill. 349 ; Belt v. The People, etc., 97 Ill. 463.

Moreover, as we read the proof, it is not really a matter of serious controversy that the plaintiff was duly careful at the time she was hurt. We are not inclined to consider that feature of the case as at all difficult, and if the instruction were justly subject to the criticism made upon it, we would not deem the error of such gravity as to reverse the judgment, because

in the light of the evidence we could not reasonably suppose the jury were misled by the instruction. Finally, it is urged that the evidence does not support the verdict, and that a new trial should have been granted for this reason. The evidence has been very carefully examined as it appears in the record as well as the abstract, and we can discover no sufficient ground to disturb the verdict. We think the jury had ample evidence upon which to base the conclusion that the plaintiff was entitled to recover. The difficult question was as to the measure of damages, and the solution of this was in ascertaining what subsequent suffering and physical derangement were due to the fall. Upon this point the jury heard a large amount of medical testimony, in which, as frequently happens, there was no little conflict of professional opinion. If the jury accepted the views of plaintiff's witnesses, the damages assessed are not unreasonably high. It was for the jury to reconcile the testimony if possible, and if not, to give credit to that portion of it which they deemed most credible. They have performed this task, as far as we can see, without passion or prejudice, and we find no occasion to interfere.

The judgment of the circuit court will therefore be affirmed.

Affirmed.