THOMAS MACKIN

V.

THOMAS O'BRIEN, FOR USE, ETC.

*Master and Servant—Building Contractor—Balance Due—Recovery of —Superintendence—Evidence—Custom.*

Mackin v. O'Brien.

1. Between merchants an account rendered and not objected to within a reasonable time becomes a settled account which is conclusive between them, unless fraud, mistake, omission or inaccuracy is shown.

2. The admission in evidence of accounts rendered, which have not been objected to within such time, without the production of the original entries or books from which they were taken, can not be complained of.

3. This court will not consider objections to the introduction of evidence primarily raised herein.

[Opinion filed September 11, 1889.]'

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. ROBERT-HERVEY and C. STUART BEATTIE, for the appellant.

Messrs. RICH & STONE, for appellee.

GARNETT, P. J.   During the years 1879 and 1880, appellee was engaged by contract with appellant in furnishing labor and materials for the plastering of certain houses.   Written statements of accounts taken from O'Brien's books were delivered by appellee to appellant every two weeks, showing the materials furnished, the names of the mechanics and laborers employed on the work, and the time and prices charged for them.   These statements were kept by Mackin, no objection being made thereto, and payments on account were, from time to time, made by him to O'Brien.   The last statement was rendered April 2, 1881, and this suit was begun October 26, 1884, to recover the balance due O'Brien.   The serious dispute between the parties arises on a charge by O'Brien for superintending the work.   He testified that Mackin agreed to pay him a reasonable compensation for superintendence, and evidence was introduced tending to prove what such services were reasonably worth.   Mackin testified that there was no such agreement, but that the work was to be done by O'Brien at as low a price as it could be done. With this direct contradiction in the evidence, (plaintiff's version of the contract being corroborated by defendant's failure

to object to the accounts rendered,) the issues of fact were submitted to the jury, and we are not prepared to say that the finding in O'Brien's favor on the question of superintendence is not fairly sustained by the evidence. The admission in evidence of the accounts rendered, against the objection of the defendant, is assigned as error. These documents are said to be secondary evidence and inadmissible until the books from which they were copied were offered. A sufficient answer is, that the objection made to their introduction was general, and not based on the fact that they were of the nature of secondary evidence. Had this specific objection been raised it might have been removed, but it is too late to assert it for the first time on appeal. 1 Thompson on Trials, Sec. 693; I. & St. L. R. R. Co. v. Estes, 96 Ill. 470; Howell et al., Ex'rs, v. Edmunds, 47 Ill. 79.

But the statements were clearly admissible, under the circumstances stated, without production of the original entries or books from which the statements were taken. Between merchants, an account rendered and not objected to within a reasonable time, becomes a settled account, which is conclusive between the parties, unless fraud, mistake, omission or inaccuracy is shown. And, though an account rendered and not so objected to, may not have that conclusive effect between others than merchants, it is held to be evidence of an implied admission of the correctness of the account. McCord v. Manson, 17 Ill. App. 118.

The plaintiff's cause of action having been thus *prima facie* established, the burden of proof shifted to the defendant, without any showing that the items in the account were incorrect. Bucklin v. Chapin, 1 Lans. (N. Y.) 447.

No effort was made by defendant to impeach the accuracy of the statements, nor was any evidence offered to explain Mackin's silence concerning them, and it is a fair presumption that at the time he received them he was satisfied they were not open to any well founded objection. The record discloses no ground for interference with the judgment, and it must be affirmed.

*Judgment affirmed.*