# W. W. Dick

## v.

# D. C. Eddings.

*Practice Act, Par. 24—Real Property—Sale of—Erroneous Description
—Shortage of Land—Damages.*

1. The suggestion that the common count in the declaration in a given
case is insufficient to support a judgment for the plaintiff upon his theory
of the evidence, should not be primarily made herein. Where such objection
is made at any time before final judgment, the declaration can be amended
and the objection obviated. It is too late to make it upon appeal to this
court.

2. In an action based upon a sale of real estate, the undertaking being
to convey a certain parcel of ground, it appearing upon a survey thereof,
after sale, that the same contained less land than was supposed, this court

holds, in view of the evidence, that plaintiff's purchase from defendant was under such circumstances as would render it inequitable for defendant to set up an alleged sale to a third party, and declines to interfere with the judgment against him.

[Opinion filed December 3, 1891.]

Appeal from the Circuit Court of Cass County; the Hon. Lyman Lacey, Judge, presiding.

Mr. A. A. Leeper, for appellant.

Messrs. C. Æ. Martin and A. Bryan, for appellee.

Wall, P. J. This was an action of assumpsit, the declaration containing a common count for money lent and advanced, and for money paid, laid out and expended, and a special count. To the latter a demurrer was sustained, and to the former the defendant interposed a plea of non-assumpsit. A jury was waived and a trial had by the court, resulting in a finding and judgment for $250 in favor of the plaintiff, from which the defendant has prosecuted an appeal to this court. It is suggested that the common count does not contain a charge for money had and received, and that it is not sufficient to support a judgment upon the plaintiff's theory of the evidence. No objection was made in the court below in this respect. Had it been made at any time before final judgment the declaration could have been amended and the objection obviated. It is too late to make it now. Par. 24, Practice Act; I. & St. L. R. R. Co. v. Estes, 96 Ill. 470. The evidence shows that defendant sold to the plaintiff and made him a deed for 35.72 acres off the north end of the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of Sec. 26, T. 19, 9, etc., for the sum of $800. It turned out that the tract so conveyed did not embrace the land which the parties supposed it did. The survey having been made, the south line fell short of the line as supposed, so that the plaintiff lost about four and a half acres of the best part of the tract.

The sum allowed, $250, is not too much, according to the evidence. There is no doubt that the plaintiff supposed he

was getting the whole tract which he had formerly occupied as the tenant of the defendant, and there is no doubt that the defendant knew the plaintiff so understood it. It is not necessary to support this action that the defendant was guilty of a fraud. It is enough that by reason of a mere mistake as to where the line would run the defendant received money for something he intended to sell, or at least for something he knew the plaintiff supposed he was buying, but which, as a matter of fact, the defendant did not and could not convey.

It is urged that the conveyance by defendant was merely to accommodate one Peak, and that he ought not to be responsible to the plaintiff for the shortage. Defendant·had made a contract to sell the land at the same price to Peak, and had received from him some $200 or more and a mortgage to secure the balance, but had retained in his own hands the deed and the mortgage, and these were never recorded. When a negotiation for the land was started between Peak and plaintiff, defendant informed them that Peak could not make a deed; that the title was in him; and the trade was then completed by the defendant with the plaintiff, the latter paying Peak $200 in a span of mules, and the balance to the defendant.

The substance and result of the whole affair was that the deed to Peak was treated as a nullity, and the plaintiff took Peak's place in the transaction and received the deed.

The deed which was made to Peak was retained by the defendant, and if it was ever delivered to Peak in a technical sense the defendant is, by his conduct, estopped to assert such delivery.

At all events he did make a deed to the plaintiff and did undertake to sell him a certain and well known parcel of ground on which were sundry improvements. The description by which he held and attempted to convey did not carry all he intended to sell. It is not material that he had before sold to Peak. As has been shown, the plaintiff became the buyer from defendant under circumstances which make it inequitable for defendant to set up the sale to Peak as a defense. The judgment is responsive to the merits and should be affirmed.

*Judgment affirmed.*