# THE NORTHWESTERN BREWING COMPANY
## v.
## JOHN MANION.

*Landlord and Tenant—Execution of Lease by Corporation—Instructions—Appeal and Error.*

1. This court will not consider instructions, there being no exceptions thereto shown in the record.

2. The fact that the execution of a lease was not denied by verified plea, is a sufficient answer to the allegation herein, that the execution thereof was beyond the corporate powers of the tenant, a corporation, and therefore *ultra vires* and void; besides, having entered, the defendant was estopped to make such defense.

[Opinion filed May 26, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. KNIGHT & BROWN, for appellant.

Mr. NELSON MONROE, for appellee.

Chicago Waifs Mission v. Excelsior Electric Co.

Gary, J. The appellee sued the appellant upon the covenant to pay rent, contained in an indenture between them, and recovered a judgment from which this appeal is prosecuted.

To reverse the judgment it is argued that there is error, first, in refusing instructions asked by appellant; second, in giving an instruction asked by appellee; third, that the execution of the lease was beyond the corporate powers of the appellant, and therefore *ultra vires* and void.

As to points one and two it is enough to say that there is no exception shown by the record to the action of the court upon instructions, and therefore they can not be complained of here. Sullivan v. Dollins, 13 Ill. 85, is but one of the numerous cases to that effect.

The execution of the indenture was not denied by verified plea, which is an answer to point three. Supreme Lodge v. Zuhlke, 30 Ill App. 98.

The opinion there does not show, but the briefs do, that four separate corporations were sued jointly upon what was the contract, doubtless, of only one. If the execution was without authority in fact or law, the indenture was not the deed of, nor executed by, the corporation, but that defense can not be made under an unverified plea, and besides having entered, the company was estopped to make the defense of *ultra vires*. Heines Brg. Co. v. Flannery, 137 Ill. 309.

There is no error and the judgment is affirmed.

*Judgment affirmed.*