## SOLOMON T. FISH

### v.

### R. SEEBERGER.

*Agency—Fire Insurance—Property in Hands of Commission Merchants.*

1. This court will not consider an alleged variance between the evidence and the declaration in a given case, the same not having been pointed out on trial.

2. A person who undertakes to act for another, may not, in the same matter, act for himself in any way to the disadvantage of his principal, and the profits and gains made by the agent in the execution of his trust, belong to the principal; it matters not whether such profit or advantage be the result of the performance of the duty intrusted to him, the obedience of orders to him given, or the violation thereof.

3. It does not matter that the conduct of the agent may have been in the particular case perfectly fair in intent, and that he may not have contemplated any injury to his principal, but only to do that which he assumed to be perfectly right and proper; the result is the same.

4. If the agent, dealing legitimately with the subject-matter of his agency, acquires a profit, the principal may claim the advantage thus obtained, even though the agent may have contributed his own funds or responsibility in producing the result.

5. All profits and every advantage beyond lawful compensation made by an agent in the business, or by dealing or speculating with the goods of his principal, though in violation of his duty as agent, and though the loss, if one had occurred, would have fallen on the agent, are for the benefit of the principal. The law will not permit an agent, without the

assent of his principal, to acquire an interest in the subject-matter of the agency, adverse or in opposition to that of his principal.

6. In an action brought to recover certain insurance money, claimed to have been received by the defendant, a commission merchant, for the loss on certain butter belonging to plaintiff, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

[Opinion filed January 25, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

This was an action of assumpsit, brought by appellee, to recover certain insurance money, claimed by him to have been received by appellant, for loss on certain butter belonging to appellee. It appeared upon the trial that appellant, a commission merchant, had, in the year 1889, a large quantity of butter, belonging to appellee, which had been sent to appellant for sale. This butter had been stored by appellant in a certain warehouse in the city of Chicago, awaiting sale, and while in such warehouse, on November 4, 1889, a fire occurred in "Warehouse A," which was west of and adjoining " Warehouse B," in which the butter was stored, by which fire it was claimed by appellant, in proofs of loss made by him to the insurance companies, the butter was damaged. Prior to this date appellant had taken out policies of fire insurance in the name of S. T. Fish & Co., on merchandise consisting chiefly of salt, butter, eggs, fruit and other country produce, etc., their own, or held in trust by them, or on commission, or on joint account, or sold but not delivered, contained in the seven-story and basement brick building, situated No. 228 and 230 Michigan street, Chicago, Ill., and known as Western Refrigerating Company's " Warehouse B."

Appellant, in his proofs of loss, made claim for damage to 1,375 packages of butter, appraising the same at twenty cents a pound, and agreed with the insurance companies to submit the matter of the loss and damage by said fire to arbitrators. The arbitrators examined the butter and

allowed to appellant damages on 1,375 packages of butter, containing 75,053 pounds, at three and one-fourth cents per pound, amounting to $2,536.72, with thirty dollars for expense of handling, making, in all, $2,566.72.

Very shortly after this, appellant sold the butter of appellee for ten and one-half cents a pound, and thereafter, in rendering his account to appellee, made no mention of having received anything for loss or damage to said butter, but did render to appellee an account for insurance premiums by him (appellant) paid. Appellee at first objected to the claim for insurance premiums paid, but afterward yielded to such claim.

When appellee discovered that appellant had received three and one-fourth cents per pound damages for all of the butter appellant had on hand at the time of said fire, he made claim against appellant for the money so by him received, and it not being paid, brought this suit. Upon the trial appellant claimed and asked to be permitted to show that the butter of appellee was not damaged at all by said fire, and that the appraisal and allowance of damage, made by the arbitrators acting for the insurance companies and appellant, was not made upon any separate examination of appellee's butter, or any estimate of loss in particular, but was a general award intended to cover all of the loss that had been sustained upon butter, and also offered to show that the personal loss to him (appellant) by said fire, upon butter by him (appellant) owned, was greater than the entire amount received by him from the insurance companies. The arbitrators were permitted to testify, and their testimony tended to show that they opened and examined the interior of only fifty packages of butter, and their estimate was a general one; that they considered all of it damaged, but their estimate was made upon the butter as an entirety, and not upon that of appellee alone, or upon any particular lot. Otherwise the court refused to permit appellant to introduce evidence offered by him, the court holding that it was immaterial whether the loss sustained by appellant upon the butter that belonged to him, was

greater or less than the total amount of insurance money by him received, and that it was also immaterial whether, as a matter of fact, the butter of appellee was actually damaged, or sold for a greater or less price in consequence of said fire, the opinion of the trial court being that appellant, having of his own motion and without notice to appellee, claimed and received on the total amount of butter held by him (appellant), including that of appellee, damage to the amount of three and one-fourth cents per pound, such money, to the extent of the butter owned by appellee, was a profit made by appellant upon the property of his principal in his hands, and, consequently, for which he must account to appellee. There was and is some contention on the part of appellant that appellee did not make out that he had on hand, in the custody of appellant, 622 packages of butter at the time of said fire. The jury rendered a verdict of $1,079.49 for appellee, upon which there was judgment.

Messrs. Moses, Pam & Kennedy, for appellant.

Mr. George C. Fry, for appellee.

Mr. Justice Waterman. Appellant denies that it was the custom of commission merchants in Chicago at this time to insure goods in their charge, although he admits making a charge for insurance, and in one of the letters to appellee stated that where goods are held in storage it is customary to charge insurance. However this may be, the fact appears that appellant did take out certain policies of insurance amounting in the aggregate to the sum of $15,500, and that the said policies covered by their terms all butter held by appellant, either on his own account or in trust or on commission, and that under this policy appellant made a claim for loss upon all the butter he had in storage, including that of appellee. Such being the case, we think it quite immaterial whether it was the custom of commission merchants to insure goods of their principals, or whether there had ever

been any agreement between appellant and appellee for insurance. Nor do we think it material whether, as a matter of fact, the goods of appellee were actually damaged by the fire, on account of which appellant claimed and received payment of a loss, or whether the loss of appellant at said fire upon his own goods exceeded the total amount of insurance money received by him. The conduct of appellant shows that beyond question he considered this insurance to be in part for the benefit of appellee. He made to him a charge for insurance premiums by him (appellant) paid, and the validity of such charge appellee finally conceded.

When the fire occurred, appellant might at once have notified appellee of it, and asked him to come on and look after his interests in that regard; but without doing this, appellant proceeded to make claim for the loss that had been sustained and to submit the question of the amount of such loss to arbitration. Such arbitration and an award having been made, under such submission appellant received the amount of the loss so found. In all this, appellant assumed to act and represent appellee, and he can not now be heard to complain if appellee insists upon having the benefit of his action. Indeed, it would seem that appellant under such circumstances ought to be quite content if appellee is willing to concede the right of appellant to submit his (appellee's) claim for loss to arbitration, and to receive the amount found by the arbitrators appointed at the instance of appellant, without notice to him (appellee), especially as in the sworn statement made by appellant to the arbitrators, he appraises all of the butter before the loss at twenty cents per pound, and then, having received damages thereon only to the extent of three and one-fourth cents per pound, sold that butter for ten and one-half cents.

Nor do we think it material in this action, if it be the case, that appellant's loss upon the butter by him owned was greater than the total amount of insurance money received by him. Appellant, at the time of the fire, might easily have notified appellee to come on and look out for his interests, informing him that he (appellant) would claim all the

insurance money that might be received under the policies, but instead of doing this, he proceeded to act as before stated, without notice to appellee, and has thereby placed appellee in a position where it is now impossible for him to make claim against the insurance companies for the damage done to his (appellee's) goods.

It is urged that there is no equity in the claim of appellee, because it is claimed that in reality, the butter of appellee was not damaged at all. We think that appellant is now estopped to make any such claim. Appellee never had, after the fire, any opportunity to examine his butter, and determine for himself whether or no it had been damaged. That he did not have such opportunity was entirely owing to the action of appellant; and we think the well-established principles of the law governing the relations of principal and agent, forbid that appellant should at this time, and under these circumstances, be now allowed to say that the goods of appellee were not damaged at all.

It may be, that had appellant made a claim to the insurance companies for loss only upon butter by him (appellant) owned, that he would have received thereon as much, or more than he did obtain; but an agent can not be allowed to use, for his own profit only, in any manner, the goods of his principal. It is a well settled principle, that a person who undertakes to act for another, shall not in the same matter act for himself, in any way to the disadvantage of his principal, and that the profits and gains made by the agent in the execution of his trust belong to the principal; and it matters not whether such profit or advantage be the result of the performance of the duty intrusted to him, the obedience of orders to him given, or the violation thereof; whatever profit or advantage the agent makes out of the property of his principal, belongs to the principal. All experience shows that it is only by a rigid adherence to this rule, that temptation can be removed from one acting in a fiduciary capacity, to seek his own advantage to the injury of his principal. Nor does it matter that the conduct of the agent may have been in the particular case per-

fectly fair in intent, and that he may not have contemplated
any injury to his principal, but only to do that which he
assumed to be perfectly right and proper. The result is
the same. If the agent, dealing legitimately with the sub-
ject-matter of his agency, acquires a profit, the principal
may claim the advantage thus obtained, even though the
agent may have contributed his own funds or responsibility
in producing the result. All profits and every advantage
beyond lawful compensation, made by an agent in the busi-
ness, or by dealing or speculating with the goods of his
principal, though in violation of his duty as agent, and
though the loss, if one had occurred, would have fallen on
the agent, are for the benefit of the principal. The law
will not permit an agent, without the assent of his princi-
pal, to acquire an interest in the subject-matter of the
agency, adverse, or in opposition to that of his principal.
Mechem on Agency, Sec. 469; Cottom v. Holliday, 59 Ill.
179; Dennis v. McCagg, 32 Ill. 429–444; Switzer v.
Skiles, 3 Gilm. 529; Dutton v. Willner, 52 N.Y. 312–319; 9th
Ed., Story on Agency, Secs. 192–207–208–210–212–214;
Ewell's Evans on Agency, Marg. paging, 243; Judevene v.
Hardwick, 49 N. E. 180.

It is insisted by the appellant that the butter was not only
not injured, but was saved, and that its owner received the
full benefit thereof. As before stated, we think this is a
claim which appellant can not now be heard to make. Had
he given appellee an opportunity he might have been able
to show that the damage to his butter was much more than
three and one-fourth cents per pound; that it in reality was
nine and one-half cents per pound—the difference be-
tween what appellant, under oath, declared its value to be
before the fire, and the price for which it sold after the fire.

It is insisted that the appellant should have been permit-
ted to explain why he had not reported to appellee the col-
lection of the insurance money. Appellant did not offer to
show that he had neglected to give such information on ac-
count of anything done by appellee. What reasons existed
in his own mind or what any one not connected with appel-
lee may have done that induced him to withhold such in-

formation, was entirely immaterial. This action was based and this judgment rendered, not at all because he failed to communicate the fact that he had received such insurance money, but because, under circumstances before stated, he did receive it. And we think interest was properly chargeable against him from the time of its reception.

We think the evidence as to the quantity of butter owned by appellee, upon which appellant received damages of three and one-fourth cents, was such as to warrant the amount of the verdict of the jury.

It appears to us also that unless there was some urgent necessity for a sale of this butter immediately following the making of the award of loss thereon, it was the duty of appellant to have notified appellee of the fire and the probability that his butter had been damaged thereby, in order that he (appellee) might take such action as he thought proper, and that a sale of it without any notice to appellee of such extraordinary occurrence was not such a discharge of his duties as appellee had a right to expect and require. Ewell's Evans on Agency, Marg. p. 213; Story on Agency, Sec. 208; Clark v. Bank of Wheeling, 17 Penn. St. 322.

Taking the instructions as a whole, the law of the case was fairly presented to the jury, and substantially, justice appears to have been done by the judgment.

It is claimed that there is a variance between the evidence and the declaration; also that the evidence does not sustain the declaration. The particular variance alluded to should have been pointed out upon the trial. If this had been done, it might have been removed by amendment. Such action not having been had, it is too late to now insist upon a variance, and the principles applicable after verdict to causes of action defectively stated, apply. Northwestern Brewing Co. v. Manion, 44 Ill. App. 424; City of Bloomington v. Tebballs, 17 Ill. App. 455; I. & St. L. R. R. Co. v. Estes, 96 Ill. 470; Driggers v. Bell, 94 Ill. 223; L. E. & W. R. R. Co. v. Rosenberg, 31 Ill. App. 47; Mackin v. O'Brien, 33 Ill. App. 474; Wight Fire Roofing Co. v. Poczekai, 130 Ill. 139.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

MR. JUSTICE GARY. I think the money received for insurance should be apportioned in the ratio of the actual damage to the insured goods.