### Prairie State Paper Company v. H. W. Sharp.

1.  PRACTICE—*Objections to Evidence—When They Must be Specific.*— A general objection to testimony which is pertinent to the merits of the plaintiff's case and in general competent to be introduced in such cases, will not suffice to save the point in the Appellate Court that the declaration in the particular case is not broad enough to admit such testimony.

2.  INSTRUCTIONS—*Should Not Decide Questions of Fact.*—An instruction that the cost of cleaning out sediment deposited by the water from defendant's mill in plaintiff's tiles and lateral ditches could not be considered by the jury in assessing damages if such sediment was of such a nature that it would have been washed out of the tiles and ditches by water falling in rains, invades the province of the jury by assuming to control them upon a question of fact and may properly be refused.

**Trespass on the Case,** for putting foul water and refuse matter in a water course.   Appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding.   Heard in this court at the May term, 1896.   Affirmed.   Opinion filed November 21, 1896.

#### STATEMENT OF THE CASE.

Judgment below, $550, in favor of appellee in an action on the case, for flowing foul water and refuse matter from appellant's paper mills into a water course which ran through appellee's farm.

J. C. McBRIDE, attorney for appellant.

DAVID M. SHARP and J. E. HARRISON, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The principal ground upon which reversal is asked is, the court permitted appellee to introduce testimony tending to

establish damages not specifically alleged in the declaration or not falling within the averments thereof.

The facts proven were competent for consideration as elements of damages, had the declaration been so framed as to include them.

The objections preferred to the Circuit Court against the introduction of the testimony were general only, and did not call the attention of the court to the fact that the ground thereof was the insufficiency of the pleading. Had this ground of the objections been developed and found to be well taken, the court would have sustained them, and the plaintiff could have obviated the difficulty by making the necessary amendments to his pleadings.

The purpose of the statute authorizing amendments to be made in declarations, pleas, etc., is to secure a full and fair hearing and speedy determination of the merits of controversies between litigants.

A general objection to testimony which is pertinent to the merits of the plaintiff's case, and in general competent to be introduced in such cases, will not suffice to save the point in the Appellate Court that the declaration in the particular case is not broad enough to admit it. Nor was the ground of the objections now sought to be urged in this court made known to the Circuit Court in the motion for a new trial. Had that been done, the difficulty, which is merely technical, might have been removed by amendment. Such objections can not be urged for the first time in this court. Libbie, McNeal & Co. v. Scherman, 146 Ill. 542; I. & St. L. R. R. Co. v. Estes, 96 Ill. 470.

The objections to the testimony of witnesses who were allowed to testify they saw water which came from appellant's establishment after it had passed through appellee's farm and some distance northwest from his place, and that it was filthy and produced foul odors, etc., seems to us to question the weight rather than the competency of such testimony.

Moreover, we find it was abundantly proven by testimony given by other witnesses, the competency whereof is not

questioned, that the water when upon appellee's farm was discolored, emitted foul odors, deposited a filthy sediment, was unpleasant and unhealthy, etc.

The gist of all the complaints that the court erred in giving instructions for the appellee is, that the jury were authorized by the instructions to consider elements of damages not covered by the allegations of the declaration.

If we are right in the view heretofore expressed that the appellant can not here be heard to complain that proof of such damages were admitted, it would follow we could not hold it was error for the court to instruct the jury as to the law relating thereto.

The court gave twelve instructions for the appellant and refused four that were asked in that behalf. Numbers three and four, which were given, covered all that was proper to be given in number thirteen, which was refused.

Number fourteen was properly refused, for the reason the court had correctly stated the rule it sought to announce in numbers two and seven, which were given.

Number fifteen was properly refused. It was in effect that the cost of clearing out sediment deposited by the water from appellant's mill, in plaintiff's tiles and lateral ditch, could not be considered by the jury or recovered by the plaintiff if such sediment was of such nature it would have been washed out of the tile and ditches by water falling in rains.

It did not purport to enlighten the jury upon any rule of law. It invaded the province of the jury by assuming to control them upon a question of fact, and in addition, in our judgment, was wrong upon that question.

Number five, which was given, contained all embraced in number sixteen (which was refused) proper to be given.

There is no reason we should interfere with the judgment on the grounds it is against the merits. Judgment affirmed.