## Vierling, McDowell & Co. v. Iroquois Furnace Co.

1. IMPEACHMENT—*Inconsistent Statements Out of Court.*—A witness may be impeached by showing that before the trial he had made statements as to facts inconsistent with the testimony he has given as to the same facts, but he can not be impeached by putting in his statements first and then calling witnesses to contradict them.

2. INTEREST—*On Damages for Breach of Contract.*—Interest on damages for a breach of a contract, from the time of the breach, is allowable under the rule in Murray v. Doud, 63 Ill. App. 247.

Assumpsit.—Breach of contract. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

MAHER & GILBERT, attorneys for appellant.

McMURDY & JOB, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

These parties made contracts for the sale of pig iron by the appellee to the appellant, and this suit was brought by

the appellee to recover damages from the appellant for refusing to take all the iron contracted for.

The appellee recovered the difference between the contract and market price on 612 tons.

The first question is, whether the contracts—for there were more than one—were for two lots, or three lots, of 500 tons each—for 1,000 or 1,500 tons.

And the second question is upon the quality of the iron.

Upon these questions the verdict of the jury in favor of the appellee, in accordance with what appears to be the preponderance of the evidence, is final.

The course of the business was that the appellee first sent sample of trial cars of the iron, which were tested by the appellant before it ordered quantities, so that in effect the sales were by sample.

The first contract was in writing, silent as to quality; the other or others were inferable from conduct, and acquiescence in statements in correspondence—letters from appellee to appellant; but the sales being in fact by sample, the only question on the quality would be, was the iron up to sample; and all evidence of parol representations or guaranties made before the first contract of what the quality would be was incompetent. Hanson v. Busse, 45 Ill. 496.

The appellant was not restricted in its evidence as to the quality of the iron, or in its efforts to show the inferiority to that of the trial cars.

One of the witnesses for the appellee, in testifying on cross-examination as to a conversation he had held with an agent of the appellee, said that he (the witness) had told the agent that the iron was giving universal satisfaction elsewhere; and upon that foundation the appellant claimed the right to go into detail to show the absence of universal satisfaction.

A witness may be impeached by showing that before the trial he had made statements as to facts inconsistent with the testimony he has already given as to the same facts; but he can not be impeached by putting in his statements first and then calling witnesses to contradict them. He had

nòt testified that the iron had given universal satisfaction, but only that he had told a man so.

Interest on the damages from the time of the breach of the contract was allowed in accordance with Driggers v. Bell, 94 Ill. 223, cited in Murray v. Doud, 63 Ill. App. 247.

There is no error, and the judgment is affirmed.