George J. Cooke Company, Appellant, v. Peter Pisano et al., Appellees.

## Gen. No. 17,371.

1. BILLS AND NOTES—*evidence of fraud and no consideration admissible only under special plea.* In an action on a note, as a general rule, evidence that a signature was procured by fraud and that there was no consideration is admissible only under a special plea.

2. APPEALS AND ERRORS—*specific objection must be made to evidence inadmissible under pleadings.* Where in an action on a note evidence is introduced without objection that a signature had been procured by fraud and that there was no consideration for the note, and the holder of the note by introduction of testimony and the question of instructions accepted the issues, it cannot be first urged on appeal that the evidence was not admissible under the general issue.

3. BILLS AND NOTES—*when signature is procured by fraud.* On an issue of fraud in an action on a note given a brewery by a saloon keeper, plaintiff testified the note was given to pay for the cost of plumbing and fixtures installed in its saloon. Defendant testified

the fixtures were to be installed without cost, that he supposed he was signing a duplicate beer contract when he signed the note, that a demand to pay the beer account had been made and nothing was said about the note, and that the brewery had removed the plumbing and fixtures. *Held*, a verdict for the defendant would not be disturbed.

4. BILLS AND NOTES—*burden of proving want of consideration.* In an action upon a note defendant has the burden of proving a want of consideration.

Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912.

HARRY A. DAUGHERTY, for appellant.

JAMES J. KELLY, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Judgment by confession having been entered against appellees on a note for $200 held by appellant, on motion the execution was stayed and leave given to plead. The plea of general issue was filed, and upon a trial before a jury a verdict was rendered in favor of appellees and judgment entered on the verdict.

We are asked to reverse this judgment on the ground that the court permitted appellees to testify that their signatures to the note had been procured by fraud and that there was no consideration for the same, which testimony, it is said, was not admissible as a defense under the plea of general issue.

It is undoubtedly the general rule that such evidence is admissible only under a special plea, and not under the plea of general issue. Chapter 98, Negotiable Instruments, secs. 9-10, Hurd's Ill. Statutes. But it has been repeatedly decided that plaintiff must raise such objection specifically upon the trial or he will be held to have waived the objection. Upon the trial of this case not only was no specific objection made, but

appellant, by the introduction of testimony and instructions given to the jury at its request touching the alleged fraud and want of consideration, accepted these issues. At the request of appellant the court instructed the jury in substance that they should find the issues for the plaintiff if the jury believed from the preponderance of the evidence that the note sued upon was executed or delivered for a valuable consideration, and also that the burden of proving that the note was without consideration was upon the defendants. It is therefore obvious that the cause was tried upon the theory that the questions of fraud and of consideration were the issues in the case, and it is too late now to claim otherwise. (St. Louis, I. & E. R. Co. v. Warfel, 163 Ill. 641; Ehrhart v. Rork, 114 Ill. App. 509; Illinois Life Assn. v. Wells, 200 Ill. 445; Warder, Bushnell & Glessner Co. v. Arnold, 75 Ill. App. 674; Prairie State Paper Co. v. Sharp, 67 Ill. App. 477; Wilmerton v. Sample, 42 Ill. App. 254.)

It is urged that one claiming fraud must prove the same by the greater weight of evidence, and that this has not been done. The appellees are Italian saloon keepers, and the appellant is the brewery from which appellees got their supply of beer. Witnesses for the appellant testified that the note was given to pay for the cost of plumbing and fixtures installed by it in the saloon of appellees. Appellees' witnesses say that the fixtures were to be installed by the brewery without cost to them and as an inducement for them to agree to take their supply of beer from appellant. Appellees also testify that they signed a contract to take beer, and supposed they were signing a duplicate copy of the beer contract when they were signing the note in question, and were ignorant of the fact that it was a note; that they have had a dispute with the brewery over the beer account, and that a written demand, with threat of suit, was made on them to pay the account for beer, and nothing said about any note; that all the plumbing and fixtures installed in the saloon by the

brewery have been removed by it and are now in its possession. Much more testimony was presented covering the details of the signing of the note, which it would be useless to repeat. Each set of witnesses flatly contradicts the other as to many of the circumstances of the transaction. It is impossible for this court to determine which was telling the truth. We must leave this to the judgment of the jury and the trial court. As noted above, the jury was properly instructed that the burden of proving want of consideration was upon the appellees. We see no reason for setting aside their conclusion.

For the reasons indicated the judgment will be affirmed.

*Judgment affirmed.*