## WILLIAM L. EDWARDS, Respondent, v. MISSOURI RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 5, 1900.

1. **Trial Practice**; SETTING ASIDE VERDICT: SPECIFIED GROUNDS. The trial court in its order setting aside a verdict should specify of record the grounds for such action.

Edwards v. Mo: Pac. Ry. Co.

2. **Appellate Practice: INSTRUCTIONS: HARMLESS ERROR.** Where the finding is for the plaintiff and the amount of damages is the contention on appeal, defendant's instructions relating to the merits and not to the damages, though erroneous, are harmless and will not warrant the setting aside of the verdict at plaintiff's instance.

3. **Passenger Carriers: ACTION FOR ABUSE OF PASSENGER: EVIDENCE: APPELLATE PRACTICE.** The evidence in support of an action for damages by a passenger arising out of his abuse by a co-passenger, is reviewed; and while it is probably insufficient to support a verdict for the plaintiff, yet the verdict can not be set aside in the appellate court on that ground since no such complaint appears in the motion for a new trial.

4. **Damages: PERSONAL INJURY: INADEQUATE VERDICT: NEW TRIAL.** In personal actions founded in tort and sounding merely in damages, a new trial will not be granted on the sole ground of the smallness of the damages. Exceptions to the rule noted.

5. **Trial Practice: VERDICT: JURY V. COURT.** Questions of fact are for the jury as questions of law are for the court, and the court can not usurp the functions of the jury.

Appeal from the Morgan Circuit Court.—*Hon. D. W. Shackleford*, Judge.

REVERSED AND REMANDED (*with directions.*)

*W. S. Shirk* for appellant.

(1) It is not the law of this particular case that if the judge below deemed the verdict against the weight of the evidence, it was within his discretion to set it aside and grant a new trial, and that such action of the court below will not be disturbed unless judicial discretion was abused. Here the verdict was for the plaintiff. The plaintiff filed his motion for a new trial, because the verdict which he obtained was against the evidence and the weight of the evidence. No

case can be cited which sustains the action of the lower court in this case. Hewitt v. Steele, 118 Mo. 463; Bunyan v. Railway, 127 Mo. 12; Ittner v. Hughes, 133 Mo. 679, 689; Bradley v. Reppell, 133 Mo. 545; Thiele v. Railway, 140 Mo. 319; R. E. Co. v. McDonald, 140 Mo. 605; Thompson v. Railway, 140 Mo. 125; Jegglin v. Roeder, 2 Mo. App. Rep. No. 8, p. 498. (2) If such were the law, the action of the court in setting aside the verdict and giving plaintiff a new trial was a bold and flagrant abuse of judicial discretion. For the verdict is not against the evidence nor the weight of the evidence. The overwhelming preponderance is in favor of the defendant. (3) A new trial should not have been granted the plaintiff upon any grounds, for the reason that the defendant's demurrer to plaintiff's evidence should have been sustained. Sira v. Railway, 115 Mo. 127, 135, 136, and cases cited; 4 Elliott on Railways, sec. 1639.

*W. M. Williams* and *J. W. Jamison* for respondent.

(1) The record is full of the grossly insulting and abusive language used by Prewitt and it is unnecessary to repeat it here. Six of the seven witnesses that were examined on behalf of defendant testify that it was heard by them. Prewitt was one of them and he confesses to some of the indecent epithets which he used in his abuse of plaintiff. (2) Plaintiff testified that his ticket cost him one dollar and thirty-five cents. He was entitled to recover in addition to the sum paid for his ticket for mental suffering and wounded feeling. McGinnis v. Railway, 21 Mo. App. 399; Eads v. Railway, 43 Mo. App. 536; Farber v. Railway, 116 Mo. 81; Bryant v. Rich, 106 Mass. 180. (3) The verdict was inadequate and therefore against the weight of the evidence and "a self-respecting court" could do nothing less than set it aside. Watson v. Harmon, 85 Mo. 443; Lee v. Knapp & Co., 137 Mo. 385. (4) Another ground assigned in the motion for a new trial

was that erroneous instructions were given at the instance of defendant over plaintiff's objection. It is the province of the court to determine what are the allegations of a petition, and defendant's instruction eight referring this matter to the jury was erroneous. Proctor v. Loomis, 35 Mo. App. 482; Clark v. Loan Co., 46 Mo. App. 248. Defendant's instruction numbered six was irrelevant to any issue in the case and should have been refused. Kauffman v. Harrington, 23 Mo. App. 572. "Error is presumptively prejudicial." Morton v. Heidorn, 135 Mo. 608. (5) If the action of the trial court granting a new trial can be sustained upon any ground stated in the motion, its action will not be reversed. Real Estate Co. v. McDonald, 140 Mo. 611; Bank v. Wood, 124 Mo. 72; Hewitt v. Steele, 118 Mo. 463.

SMITH, P. J.—It was in substance alleged in plaintiff's petition that he purchased of defendant a passage on its train of cars from the city of Jefferson to Eldon station, and thereafter entered a car of one of its trains on which there was one Prewitt, who was likewise a passenger; that while plaintiff was conducting himself in an orderly manner, said Prewitt, in the presence of divers persons, who were in said car, and in the presence and hearing of defendant's conductor and brakeman, then in charge of said car, at divers and sundry times cursed, abused and grossly insulted plaintiff, and threatened and attempted to cut him with a knife; and that he repeatedly called upon defendant's said conductor and brakeman to protect him from such insults, indignities and violence so offered him by said Prewitt, which they neglected and refused to do, so that he was compelled to leave said car at the station of Olean before he had reached that of Eldon, etc.; by reason of which he had been damaged in the sum of fifteen hundred dollars, etc. These allegations were put in issue by the general denial of the defendant's answer.

Vol. 82 app—31

The court gave for the plaintiff an instruction which covered very fully the affirmative of the issues made by the pleadings. The court also gave for plaintiff an instruction relating to the several items which the jury were authorized to take into consideration in estimating the damages, if it should find the issues for plaintiff. A number of instructions were given for the defendant. The jury, under evidence and instructions, found the issues for the plaintiff, and assessed his damage at the sum of one dollar.

The plaintiff thereupon filed a motion to set aside the verdict, assigning therefor these grounds, to wit: 1. Because the verdict is against the evidence and the weight of the evidence. 2. Because the court admitted incompetent evidence offered by defendant over the objections of plaintiff. 3. Because the court excluded legal and competent evidence offered by plaintiff. 4. Because the court gave illegal and improper instructions at the request of and on behalf of defendant, and over the objection of plaintiff. The court sustained this motion and ordered that the verdict be set aside; and from this order the defendant has appealed.

The trial court, in plain disregard of the requirement of the statute (Revised Statutes 1889, sec. 2241), neglected to specify of record the ground or grounds on which the verdict was set aside, and the new trial was ordered. We are therefore left to ascertain from the record, as best we can, on which ground of the motion the action of the court was based. Nothing is discovered in the rulings of the court in admitting or rejecting testimony to justify the conclusion that the verdict was overthrown by it on any ground of that kind. Indeed, there is no such claim made here by either party.

The plaintiff insists that the trial court erred in giving the defendant's instructions numbered six and eight, and that as this action of the court was assigned as one of the grounds of the motion for a new trial it was sufficient to justify the action of the court in granting the same. The issues made

by the pleadings were found for the plaintiff, and as the defendant's said instructions six and eight did not relate to the measure of damages, and manifestly did not influence the action of the jury as to the *quantum* of damages found, it inevitably results that, even if irrelevant to the issues, as plaintiff contends, they were entirely harmless. The action of the court, therefore, in giving said instructions afforded the court no ground for disturbing the verdict. Pritchard v. Hewitt, 91 Mo. 547; Morris v. Railway, 79 Mo. 367; Gregory v. Chambers, 78 Mo. 294.

This brings us to the only remaining ground of the motion, to wit: That the verdict was against the evidence and the weight of the evidence. The plaintiff contends that the verdict was inadequate, and therefore against the weight of the evidence. The testimony of the plaintiff tended to establish the actionable facts pleaded in his petition, but he was not corroborated by any of the witnesses introduced by him. The concurrent testimony of all of them was to the effect that the trainmen, in charge of the train of defendant on which plaintiff was a passenger, as soon the misbehavior of Prewitt came to their attention, promptly took steps to prevent its recurrence, and gave plaintiff assurance that they would protect him against further molestation by Prewitt—and this, it seems, they did. All of the witnesses who were called by defendant gave similar testimony. Six or seven of the witnesses in the case testified that they were present in the car and heard the opprobrious epithets applied by Prewitt to the plaintiff, but none of them saw Prewitt exhibit a knife. Some of these witnesses occupied seats in the car either opposite or just behind that occupied by him, and yet did not see the knife which the plaintiff testifies that Prewitt exhibited. The testimony of no witness corroborated plaintiff's testimony that he left defendant's train at Olean while Prewitt was abusing him, and that the defendant's brakeman, then present, refused to interfere for his protection. The testimony of all

the other witnesses was that Prewitt did not know that the plaintiff had left the train until some time after he had done so. Prewitt had previously subsided, and was at that time paying no attention whatever to plaintiff. It is made clear from the testimony of several of the witnesses that the reason why plaintiff did not continue on the train until he reached the station of his destination was, that Prewitt, during his misbehavior to plaintiff, had assured the latter that, when they reached Eldon that he intended to "kick the seat of his (the latter's) breeches." And for the worthy purpose of avoiding this assault, the plaintiff left defendant's train at Olean. This and not the continued abuse of plaintiff while on the train, was, it would seem, the true cause which influenced his action in leaving the train when he did. The testimony of all the witnesses was at variance with that of plaintiff in many material particulars. It is inconceivable how the plaintiff's testimony obtained any credence with the jury. How the jury, in the face of what seems from the record to be the overwhelming current of the evidence, reached the conclusion they did is one of the things which, to us, is inscrutable and unknowable.

But the plaintiff did not complain of the action of the court in finding the issues for him. His real complaint is, that the verdict is inadequate—too small in amount. The question therefore after all is, whether this is a ground on which the court's action can be sustained. It may be well questioned whether any ground assigned in the motion sufficiently raises the objection to the verdict for inadequacy. But assuming for our present purpose that it does so, can the action of the court be upheld on that ground? In personal actions like this, founded in tort and sounding merely in damages, a new trial will not be granted on the sole ground of smallness of damages. Gregory v. Chambers, *ante*; Pritchard v. Hewitt, *ante*; Watson v. Harmon, 85 Mo. 443; Colyer v. Huff, 3 Bibb. 34; Graham & Waterman on New

Trial, 1165; Baylies on New Trial and App., 505. The reason for holding parties so tenaciously to the damages found by the jury in personal torts is, that in cases of this class there is no scale by which the damages are to be graduated with certainty. They admit of no other test than the intelligence of the jury, governed by a sense of justice. To the jury, therefore, as a favorite and almost sacred tribunal, is committed, by unanimous consent, the exclusive task of examining the facts and circumstances, and valuing the injury, and awarding the compensation in damages. The law that confers upon them this power and exacts of them the performance of this solemn trust favors the presumption that they are actuated by pure motives, and it is not until the result of the deliberation appears in form calculated to shock the understanding and impress no dubious conviction of their prejudice and passion that courts have found themselves compelled to interpose. Pritchard v. Hewitt, *ante.*

This rule is not applicable to actions *ex contractu,* nor in those *ex delicito,* where the damages may be measured with some degree of certainty. And cases where the damages, under the circumstances, are such as to shock the understanding and induce the conviction that the verdict was the result of either passion, prejudice or partiality are likewise exceptions to the rule. Watson v. Harmon, *ante*; Lee v. Knapp, 137 Mo. loc. cit. 393. The case here is within the rule. No standard is furnished in the evidence by which the damage can be measured with any degree of certainty. There is nothing in the case to authorize the conclusion that the verdict was the result of passion, partiality or prejudice. The plaintiff contends that as he paid defendant one dollar and thirty-five cents railway fare that this furnished a certain standard for the measure of damages to at least that extent. The difference between one dollar—the amount of the verdict—and one dollar and thirty-five cents—railway fare paid

by plaintiff—is so small as to appropriately call for the application of the maxim, *de minimis non curat lex.*

The court and jury differed on a question of fact. The latter we must presume to be right: *Ad quaestiones facti non respondent judices; ad questiones legis non respondent jurators.* If a verdict were to be set aside because it did not correspond with the views of the court as to the weight of the evidence it would be unsafe for the jury to render a decision until they had first ascertained the impression of the court. The former would invariably take its cue from the latter and it would be the verdict not of the jury but of the court. The authority of the judge upon questions of fact would thus become paramount, and the part enacted by the jury merely nominal. This would be subversive of all the advantages of trial by jury. If a verdict is to be overthrown because it does, not entirely correspond with the judgment of the court, it would be better to abolish the trial by jury altogether, or, at least, require the court to inform the jury just what its opinion of the case is, and require them to find accordingly, and thus save the expense of a second trial. The theory of the, trial by jury is, that they are better capable of judging facts than the court; and to secure to suitors the benefits of this blessing we must give them the advantage of their superior judgment. Kincaid v. Turner, 2 Gillman, 618; Sullivan v. Dallins, 13 Ill. 85. It seems that the action of the court in setting aside the verdict can not be sustained, either upon the ground that it was against the weight of the evidence or that the amount of the damages were too small, without sanctioning an invasion by the court of the province of the jury—which we are not at liberty to do.

We shall accordingly reverse the order of the court and remand the cause, with directions to enter judgment for the, plaintiff on the verdict returned by the jury. All concur.