MELVIN H. MORRIS, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 29, 1909.

1. TRIAL AND APPELLATE PRACTICE: Damages: New Trial: Inadequate Verdict. The presumption is always in favor of the correctness of the rulings of the trial court, and in granting a new trial the appellate court should not interfere unless the lower court has greatly abused its discretion.

2. ————: ————: ————: ————. The assessment of damages in cases *ex delicto* where there is no accurate rule for measuring them, is committed to the jury as a favorite and almost sacred tribunal and their action will not be questioned unless it shock the common understanding and leave no dubious conviction of their prejudice and passion.

3. ————: ————: ————: ————. But where the damages may be measured by a different rule the trial court will set aside the verdict when satisfied that it is against the weight of the evidence.

4. ————: ————: ————: ————: Nuisances. Where an action is for damages to land occasioned by emptying a sewer thereon and the depreciation to the market value of the land

is susceptible of proof, the trial court is not bound to rely on opinion evidence, and his action in setting aside a verdict on the ground of its inadequate assessment of damages is affirmed.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*Roy D. Williams* and *C. D. Corum* for appellant.

(1) Now we recognize the well-settled rule that it is the province of the trial court to grant new trials where, in its opinion, the verdict is against the weight of the evidence, and that it is the duty of such court to grant' a new trial when the verdict is manifestly or clearly wrong, or when it appears to be the result of passion, prejudice, or corruption on the' part of the jury. The books are full of authorities sustaining these propositions. (2) The doctrine is also firmly established in our jurisprudence, that in personal actions founded on tort, and sounding merely in damages, that a new trial cannot be granted on the sole ground of the smallness of the damages awarded. Edwards v. Railroad, 82 Mo. App. 484; Pritchett v. Hewett, 91 Mo. 547; Watson v. Harman, 85 Mo. 443; Welsh v. McAlester, 15 Mo. App. 501; Brown v. Railroad, 51 Mo. App. 193, 29 Cyc. 849.

*George F. Longan* and *Charles E. Yeater* for respondent.

This appeal is from an order granting a new trial, and one of the grounds specified by the court in setting aside the verdict was the fifth ground of the motion for a new trial to the effect that the verdict was against the weight of the evidence, and the appellate courts of this State have uniformly held that they will not interfere with the discretion of the trial court in

granting a new trial when based upon that particular ground. Hoepper v. Hotel Co., 142 Mo. 387; Brown v. Railroad, 51 Mo. App. 193.

JOHNSON, J.—This suit is for damages alleged to have been caused by the discharge by defendant of sewage from its machine shops at Sedalia into a natural watercourse which flows through land of plaintiff in the vicinity of the shops. The trial resulted in a verdict for plaintiff in the sum of $1,000. Afterward, the court granted plaintiff a new trial on the following grounds stated in his motion:

"4th. Because the court erred in not more severely reprimanding counsel for defendant in his argument to the jury when such counsel discussed a proposition he had made in open court to have the jury go and inspect the watercourse on plaintiff's land and the sewage flowing thereon, which was not accepted by plaintiff, and when he further discussed the plan of the defendant and its intention to change the route of the sewer so that the same would be removed from plaintiff's land and no longer flow over the same, notwithstanding the defendant's offer to prove such plan and intention was refused by the court during the trial, whereby the jury received an erroneous impression as to the extent of the plaintiff's damages and have rendered a verdict influenced by the aforesaid intention and plan of defendant to remove the flow of said sewage across the plaintiff's land which may or may not be done.

"5th. Because the verdict is against the weight of the evidence as to the amount thereof, which said amount is so grossly inadequate and unfair and contrary to the evidence as to be plainly the result of prejudice and passion.

"6th. Because four of the jurymen went in person during the trial and examined the plaintiff's land and the status and conditions thereof with reference to the

flow of sewage across the same, while the trial thereof was in progress."

Defendant appealed from the order granting a new trial.

We have reached the conclusion that in sustaining the motion on the fifth ground, the court acted within its authority and did not abuse the discretion, with which it was invested by law. In 1904 and 1905, defendant erected and began the operation of extensive machine shops near Sedalia which were provided with a sewer system. The waste oils and offensive matter discharged from the water closets were emptied into a sewer which terminated on defendant's land and emptied its contents into a natural watercourse. ·Plaintiff owned fifty-four acres of land near the shops. The tract is bisected by the watercourse and the evidence strongly supports the contention of plaintiff that the pollution of the stream was so great and so offensive that the whole tract was rendered unfit for any but agricultural uses. About eight hundred men were employed at the shops and the waterclosets provided for their use were all emptied into this sewer. The shops had capacity for the employment of from two thousand to twenty-two hundred workmen. All of the evidence of plaintiff is to the effect that the tract, owing to its location, possessed a value for residence purposes greatly in excess of its value for agriculture. The great mass of the expert evidence introduced by plaintiff fixes the market value of the land for residence lots at $300 per acre just before the installation of the sewer and at $100 per acre immediately after that event. The lowest estimate of any witness offered by plaintiff placed the damage at $100 per .acre. All agreed that the land possessed no value for residence purposes with the offensive discharge from the sewer running across it. In addition to this opinion evidence, it appears that about the time in question, land on three sides of plaintiff's land was sold at prices ranging from $250 to $500

per acre. The evidence introduced by defendant tends to show that the offensive matter was so diluted with water when emptied into the sewer that before it reached the land of plaintiff, it had disintegrated and resolved into a greatly diluted, odorless and not unsanitary solution. The expert evidence of defendant varies as to the amount of damage plaintiff has sustained from the sewage. One witness stated that the land was not appreciably damaged; others say that $10 or $12 per acre would cover the damage. We regard the evidence of defendant as substantial, but perceive no reason for criticizing the conclusion of the learned trial judge that the great weight of the evidence supports the contentions of plaintiff, first, that his land possessed a value greatly exceeding its value for agriculture; second, that the sewage entirely destroyed that value and, third, that the quantum of the damage was not less than $100 per acre. If the law vested the court with any exercise of discretion to review and correct the verdict of the jury on the issue of the amount of the damages, we are convinced such discretion was exercised wisely in the present instance.

The question of law for our determination is whether the trial court possessed authority to exercise such discretion. The rule thus stated by the Supreme Court in Hoepper v. Hotel Co., 142 Mo. 1. c. 387, has repeatedly received recognition: "The presumption is always in favor of the correctness of the rulings of the circuit court. It has committed to it much discretion in the matter of granting new trials and this court should not interfere unless its discretion has clearly been abused. It is therefore uniformly held that an appellate court will not interfere with the discretion of the circuit court in granting a new trial on the ground that the verdict is against the weight of the evidence. The proceedings are all in the presence of the court and it can better judge of the fairness of the

trial than the appellate court which has before it the cold record only."

An exception to this rule has been found in actions *ex delicto* where the damages cannot be measured by any accurate rule and are not susceptible of direct proof. Speaking of such cases, we said in Edwards v. Railway, 82 Mo. App. l. c. 485: "They admit of no other test than the intelligence of the jury, governed by a sense of justice. To the jury, therefore, as a favorite and almost sacred tribunal, is committed, by unanimous consent, the exclusive task of examining the facts and circumstances, and valuing the injury, and awarding the compensation in damages. The law that confers upon them this power and exacts of them the performance of this solemn trust favors the presumption that they are actuated by pure motives, and it is not until the result of the deliberation appears in form calculated to shock the understanding and impress no dubious conviction of their prejudice and passion that courts have found themselves compelled to interpose."

The exception applies to actions for personal wrongs such as personal injuries, slander, malicious prosecution and the like. But where the reason for the exception does not obtain the general rule applies. It is immaterial whether the action be *ex contractu* or *ex delicto*. If the damages may be measured by a definite rule and under that rule may be ascertained with a fair degree of certainty it not only is the right but the duty of the trial judge to supervise the verdict and to set it aside when satisfied that it is against the clear weight of the evidence. In Bayliss on New Trials and Appeals, page 505, the author says: "Where the law itself prescribes the rule of damages to which alone the plaintiff is entitled if he recover, a disregard of the law, and an award of a sum not warranted by the rule is such evidence of passion, or prejudice, or more frequently, of mistake or misapprehension as will render it the duty of the court to set aside the verdict."

. In Watson v. Harmon, 85 Mo. l. c. 447, the Supreme Court, in recognizing the exception to the general rule, observed: "But in cases of breach of contract and *injury to property* which have fixed standards of value, if there appears glaring deficiency in the verdict, justice demands a reversion." Very clear and to the point is what was said by the Court of Appeals in the following excerpts from the opinion in McDonald v. Walter, 40 N. Y. 551: "Nevertheless, it would be strange, if true, that no instance should occur in which, through a misapplication of the law to the facts which they find proved, or through prejudice or passion, or mistake, injustice is done, which it became the duty of the court to correct. While the general rule should be preserved, it would not be safe to assert the uncontrollable supremacy of the jury. Both in England and in this country, therefore, the court has always exercised the power of reviewing the evidence on a case made for the purpose, and of granting a new trial, where upon a cool and deliberate examination the ends of justice seemed to require it.

"And this is always the plain duty of the court where the verdict is palpably against the law applied to the facts found.

"It is upon these principles that verdicts for an excessive and extravagant amount of damages are set aside; and where the law itself prescribes the rule of damages to which alone the plaintiff is entitled, if he recover, a disregard of the law, and an award of a sum not warranted by the rule, is such evidence of passion, prejudice, or more frequently of mistake, or misapprehension, that the verdict of the jury ought not and will not be permitted to stand. It would be a discredit to the administration of justice if this were not so.

"A verdict for a grossly inadequate amount stands upon no higher ground in legal principle, nor in the rules of law or justice, than a verdict for an excessive or extravagant amount. It is doubtless true that in-

stances of the former occur less frequently, because it is less frequently possible to make it clearly appear that the jury have grossly erred. But when the case does plainly show such a result, justice as plainly forbids that the plaintiff should be denied what is his due, as that the defendant should pay what he ought not to be charged.

"The power of the court to award a new trial when dissatisfied with the verdict, on this ground, is I think not open to question, and whether because the verdict is too large or too small, the principle is precisely the same. And in practice it has been customary heretofore to grant a new trial in either case."

In the present case the damages are to be ascertained by a fixed and definite rule, i.e., the depreciation in the market value of the land, caused by the injury. The amount of the damages under this rule is a matter susceptible of proof. The trial judge in his capacity as a trier of fact was not bound to rely on opinion evidence. He had before him evidence of the fact that the injury had destroyed the value of the land except for tillage and the sales of other lands in the immediate neighborhood, together with evidence from which the values of the lands sold might be accurately compared with that of plaintiff's land, afforded him facts—not merely opinions—on which to predicate his conclusion that the verdict was so palpably inadequate as to indicate the presence of passion or prejudice on the part of the jury.

In granting a new trial on this ground, we think the court acted within the scope of his duty. Since the case must be retried and it is not likely that the subjects of the fourth and sixth grounds of the motion for a new trial will arise again, we shall not burden this opinion with a discussion of them.

The judgment is affirmed. All concur,