## MAHON v. BENNETT et al.
### No. 4177.

District Court, W. D. Missouri, W. D.

Jan. 8, 1948.

See also D.C., 6 F.R.D. 213.

Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., for plaintiff.

Charles M. Miller and Herman Langworthy of Langworthy, Matz & Linde, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

The motion for a new trial in this case is based upon the alleged inadequacy of the verdict. The plaintiff was awarded a judgment for $5,000, whereas it is the claim of the plaintiff that if he was entitled to judgment at all it was the duty of the jury under court instructions to have awarded a larger sum. Furthermore, it is contended by counsel for plaintiff that the verdict was inconsistent, and that the jury obviously disregarded the charge of the court.

The defendants on their part say that the case was fairly tried and that the verdict of the jury was a proper exercise of a judgment on facts committed to it and that, under such circumstances, the court would have no right to award a new trial.

The action is one for an alleged breach of contract. The plaintiff became an employee of the defendant George Bennett upon a written contract and at a stipulated salary. His compensation was supplemented by a percentage of the profits, if any, accruing to the defendant over a period of years. The salary compensation was fixed at $600 per month. After a brief period of service plaintiff claimed that he was discharged wrongfully and that there was, therefore, a breach of contract. Plaintiff filed suit for salary accumulations and profits which he claimed had accrued and would accrue to defendant Harry Bennett over the period of years contemplated and covered by the contract of employment. The question of breach of contract was submitted to the jury, and then the jury was instructed that, if its verdict should be for plaintiff, he would be entitled to the salary which had accrued from the date of discharge until the trial and that that accumulation was not subject to discount for present value as in the case of future salary.

The jury was further instructed that the amount would be subject to a deduction for earnings of the plaintiff in the interim. At the time of the trial the accrued salary amounted to $12,600, and the undisputed testimony showed that this should not be greatly reduced by the earnings of the plaintiff after his discharge.

In like manner, there was testimony with respect to the profits of the defendant Harry Bennett during the same period, and the amount due plaintiff as his percentage of such profits under the contract. This sum, in like manner, was not subject to

discount nor to additional reduction by way of earnings on the part of the plaintiff.

Having found for the plaintiff on the factual issue, it became a jury duty to determine, under the instructions of the court, as to the measure of damages, what actual damages were sustained by the plaintiff.

1. In considering a motion for a new trial, the trial judge should be mindful of the admonition contained in Tennant v. Peoria & Pekin Union Ry. Co. 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed 520. This case is cited and urged by the defendants as one pointing a wise course of action to a trial judge. As indicated in the syllabi: "2. A court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable."

In the Tennant case, the trial judge entered a judgment non obstante veredicto. The issue before the jury was whether the negligence of the defendant was a proximate cause of death. The jury returned a verdict in favor of the plaintiff. It was the opinion of the Supreme Court that a factual question having been properly submitted to the jury it was not within the discretion of the trial judge to set aside the verdict and to enter judgment for the defendant.

This is the rule in nearly all actions ex delicto where the damages cannot be measured by any accurate rule and are not susceptible of direct proof.

In Edwards v. Ry. 82 Mo.App. 478, loc. cit. 485, the court said with respect to such issues: "They admit of no other test than the intelligence of the jury, governed by a sense of justice. To the jury, therefore, as a favorite and almost sacred tribunal, is committed, by unanimous consent, the exclusive task of examining the facts and circumstances, and valuing the injury, and awarding the compensation in damages. The law that confers upon them this power and exacts of them the performance of this solemn trust favors the presumption that they are actuated by pure motives, and it is not until the result of the deliberation appears in form calculated to shock the understanding and impress no dubious conviction of their prejudice and passion that courts have found themselves compelled to interpose."

On the other hand, as said by the late Judge J. M. Johnson of the Kansas City Court of Appeals, in Morris v. Railroad, 136 Mo.App. 393, loc. cit. 398, 117 S.W. 687, 688: "If the damages may be measured by a definite rule and under that rule may be ascertained with a fair degree of certainty, it not only is the right, but the duty of the trial judge to supervise the verdict, and to set it aside when satisfied that it is against the clear weight of the evidence."

Judge Johnson supported his statement with a quotation from a text, Bayliss on New Trials and Appeals, page 505: "'Where the law itself prescribes the rule of damages to which alone the plaintiff is entitled if he recover, a disregard of the law, and an award of a sum not warranted by the rule is such evidence of passion or prejudice, or, more frequently, of mistake or misapprehension as will render it the duty of the court to set aside the verdict.'"

The same ruling was made in Powell v. Batchelor, 192 Mo.App. 67, 179 S.W. 751. The late Judge Trimble prepared the opinion, but he had the concurrence of Judge Johnson and Judge Ellison, who were still members of the Kansas City Court of Appeals.

2. Counsel for defendants call attention to both the federal rule and federal statute with respect to granting of new trials. The Court of Appeals of this circuit had before it an almost identical question in Glenwood Irr. Co. v. Vallery, 248 F. 483, 484. In that case Judge Lewis of the District of Colorado had refused to grant a new trial where it was claimed the verdict was inadequate. The Court of Appeals reversed Judge Lewis and directed the granting of a new trial. In its opinion the Court of Appeals went so far as to say: "* * * that the amount of the damages was not 'a fact tried by the jury,' within the meaning of the Seventh Amendment to the federal Constitution."

The court further said: "The verdict is perverse and directly violative of the

668

charge of the court. When that appears as a matter of mathematical calculation, the verdict cannot stand. It is error of law to enter judgment upon it, which an appellate court may properly review."

A little later, the Court of Appeals, this circuit, in United Press Ass'ns. v. National Newspapers Ass'n., 254 F. 284, ordered a new trial because of the inconsistency of the verdict of the jury. That case is very similar to this. Quoting from the syllabi: "In an action for breach of contract, where the jury found that defendant broke the contract, but awarded plaintiff a much less sum than the undisputed evidence showed it was entitled to recover, held, that the verdict was so inconsistent that the refusal of the trial court to grant plaintiff a new trial was an abuse of discretion."

3. This case was well tried. Able, alert and ethical counsel appeared and participated on both sides of the case. It is unfortunate that the parties should be called upon again to submit to and undergo the ordeal of another prolonged trial. Upon the facts in the case there was submitted to the jury the question of finding either for the plaintiff or the defendants. Its verdict was for the plaintiff, and, having found for the plaintiff, it was the duty of the jury to assess damages consistent with the instructions of the court on the measure of damages. It did not do this.

Because of this fact it is the duty of the court to set aside the verdict and grant a new trial. Such an order will be made.