Samuel ARON, Plaintiff-Respondent,

v.

Charles RESZ, Defendant-Appellant.

No. 23268.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

John I. Moran, Kuraner, Freeman, Kuraner, Oberlander & Lamkin, Kansas City, for appellant.

Richard F. Adams and Deacy & Deacy, Kansas City, for respondent.

MAUGHMER, Commissioner.

This suit arises from an intersection automobile collision which occurred at 77th and Washington streets in Kansas City, Missouri on August 28, 1958. Defendant-appellant Charles Resz filed a counterclaim and alleged that his 1957 Oldsmobile sustained damages amounting to $1,000 as a result of the accident. Trial resulted in a verdict of $300 for defendant on his counterclaim. Judgment accordingly was entered. Defendant filed a motion for new trial on the issue of damages only. The

motion was denied by the trial court and this appeal followed. The only point presented by the appeal is "that the Court erred in failing to sustain the motion for new trial on the issue of damages only". We, therefore, examine and consider the record solely as it applies to this issue.

The evidence before us consists of the testimony of Mr. Resz, a photograph of his vehicle taken immediately after the collision, and the physical facts.

Defendant estimated that at the time of collision his speed was 5 miles per hour and plaintiff's about 30 or 40. He said the right front fender of plaintiff's panel truck hit the left front of the Oldsmobile, that the grille and front section of his car were twisted from the rest of the body. When asked to describe in detail the damages sustained by his Oldsmobile, Mr. Resz said: "The frame extensions were bent, that is the part of the frame that the bumper attaches to; and the bumper and grille assemblies; the headlight; the hood; the fender; two motor mounts; the radiator; one tire was injured to the point that I had to buy a new one; and subsequent damage forward of the windshield. There was no damage back of the windshield". He stated further that only the left headlight was broken and that the right headlight was neither broken nor damaged.

Plaintiff gave it as his opinion that his Oldsmobile, which he had owned about six months, was worth $2,500 before the collision and he "doubted if anyone would give me more than $1,000" afterwards. He said the vehicle had been repaired by Brace Oldsmobile at a cost of $831.31. This repair bill was not produced. No one from Brace testified. There was no evidence as to just what repairs, parts or labor had been furnished in making up this charge of $831.31. He stated that the automobile did not operate perfectly after the accident and seemed to be out of alignment even after the repairs had been made.

The photograph of defendant's automobile taken immediately after the collision revealed no apparent damage except in the restricted area as defendant had described it. Based upon the speed of each car at the time of impact, the fact that they struck with a glancing blow and not head-on, and based upon the extent of damage, it is apparent that the collision was not a violent one.

The burden of proof rests upon the defendant to establish his entitlement to damages as asserted in his counterclaim, and the jury is not bound to accept at face value everything which he or his witnesses may say. The jury unanimously awarded $300. The Court tacitly approved by entering judgment accordingly and specifically approved by refusing to grant a new trial on the ground that the allowance was inadequate. We are asked to overturn the findings of the jury and the trial judge.

In his brief appellant invites our attention to three cases: To Hall v. Clark, Mo., 298 S.W.2d 344, holding that the measure of damages to personal property is the difference between its reasonable market value before and after the injury. We believe this is so. To Underwood v. Brockmeyer, Mo., 318 S.W.2d 192, which he says declares "that it is clearly within the power of the trial judge to order a new trial on the issue of damages only". We believe the trial court in a proper case is vested with such authority but in this case the trial judge did not grant, but rather denied a new trial and, third, to Morris v. Missouri Pacific Ry. Co., 136 Mo.App. 393, 117 S.W. 687. There this court reannounced the applicable rule as declared in Hoepper .v. Southern Hotel Co., 142 Mo. 378, 44 S.W. 257: " 'The presumption is always in favor of the correctness of the rulings of the circuit court. It has committed to it much discretion in the matter of granting new trials, and this court should not interfere unless its discretion has clearly been abused. It is therefore uniformly held that an appellate court will not interfere with the discretion of the circuit court in granting a new trial, on the

ground that the verdict is against the weight of the evidence. The proceedings are all in the presence of the court, and it can better judge of the fairness of the trial than the appellate court, which has before it the cold record only'". [136 Mo.App. 393, 117 S.W. 688]

■ Continuing and with special reference to actions ex delicto the court reaffirmed the statement made in Edwards v. Missouri Railway Co., 82 Mo.App. 478, 485: "'They admit of no other test than the intelligence of the jury, governed by a sense of justice. To the jury, therefore, as a favorite and almost sacred tribunal, is committed, by unanimous consent, the exclusive task of examining the facts and circumstances and valuing the injury, and awarding the compensation in damages. The law that confers upon them this power and exacts of them the performance of this solemn trust favors the presumption that they are actuated by pure motives, and it is not until the result of the deliberation appears in form calculated to shock the understanding and impress no dubious conviction of their prejudice and passion that courts have found themselves compelled to interpose'". We think that neither of these three cases is particularly helpful to appellant's position.

On the point at issue we quote from 5A C.J.S. Appeal and Error § 1626, p. 165: "The discretion of the trial court in ruling on a motion for a new trial based on the inadequacy or excessiveness of damages is a legal one which is subject to review or reversal for clear abuse or arbitrary exercise, or where it appears to the reviewing court that the damages awarded are entirely inadequate, * * *".

■ Seeking for a more recent pronouncement we find that in Glore v. Bone, Mo., 324 S.W.2d 633, 635–636, the suit was for $50,000, judgment for $2000, and plaintiff's motion for new trial on the issue of damages only was overruled. Our Supreme Court said: "Where the trial court has overruled plaintiff's motion for a new

trial predicated on inadequacy of the verdict, the appellate court will consider the evidence and inferences therefrom in the light most favorable to the verdict which the trial court let stand. Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22, 26 [9], and cases therein cited; Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, 486 [7].

\* \* \* \* \* \*

"The amount of the verdict as regards inadequacy has passed the scrutiny of the trial court. In these circumstances, the appellate court will not weigh the evidence but will limit its inquiry to the determination of whether there is substantial evidence to support the jury's verdict and whether the trial court abused its discretion in refusing to grant plaintiff a new trial. Waller v. Oliver, Mo., 296 S.W.2d 44, 49 [7, 8].

\* \* \* \* \* \*

"It may well be that the jury would have been justified in returning a larger verdict as the plaintiff contends. On the other hand, the amount of the verdict is responsive to the evidence on the issue of damages; it is not grossly and shockingly inadequate so as to justify the grant of a new trial".

■ Applying these rules of review to the facts here and considering all the evidence and inferences in the light most favorable to the verdict, we conclude that we should not overturn the verdict and reverse the action of the trial court in denying the motion for new trial on the issue of damages only. We believe the verdict is responsive to the evidence and is not so grossly and shockingly inadequate as to justify a new trial. The fixing of damages is primarily the jury's function and a verdict may be responsive on this issue even though it does not find that amount precisely in accordance with the claim of either party. The jury under the evidence in this case was not required to blindly accept claimant's opinion as to the value of his vehicle before and after the collision.

The Court did not, we think, abuse its discretion in denying the motion for new trial.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.